CLERK
US DISTRICT & BANKRUPTCY
COURTS

ORIGINAL

2020 MAY 29 PM 1:14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED

| | |
|---|---|
| **In the Matter of** | Case: 1:20−mc−00034 |
| **CERTAIN LITHIUM-ION BATTERY CELLS,** | Assigned To : Leon, Richard J. |
| **BATTERY MODULES, BATTERY PACKS,** | Assign. Date : 5/29/2020 |
| **COMPONENTS THEREOF, AND** | Description: Misc. |
| **PRODUCTS CONTAINING THE SAME** | |

## MOTION FOR ISSUANCE OF LETTER OF REQUEST

SK Innovation Co., Ltd. and SK Battery America, Inc. (collectively "SKI"), Respondents

in *In re Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components Thereof,*

*And Products Containing The Same*, Investigation No. 337-TA-1181 before the U.S. International

Trade Commission ("ITC"), hereby move, upon recommendation from the ITC (Exhibit A), for

this Court to issue, under its seal and signature, the attached Letter of Request (Exhibit B) on behalf

of SKI to obtain discovery from the following foreign third party:

> Evonik Industries AG
> Rellinghauser Straße 1—11
> 45128 Essen
> Germany

The Letter of Request solicits the assistance of the Central Authority of Germany under the

Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague

Convention"), 28 U.S.C. § 1782, to obtain discovery from Evonik Industries AG ("Evonik"),

which is relevant to the ITC Investigation and unobtainable through other means. Administrative

Law Judge Dee Lord has recommended that this Court issue the attached Letter of Request, there

being no opposition to SKI's request.

For the reasons stated in the in the accompanying memorandum, and in order to comply

with the statutory time limitation for ITC Investigations, SKI respectfully requests that the Court



assign a Judge to this matter and expedite the issuance of the attached Letter of Request.

Dated:  May 29, 2020

Respectfully submitted,

Jennifer Swize
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: 202.879.3939
Email: SKI-ITC-Service-JD@jonesday.com
*Attorney for SK Innovation Co., Ltd. and SK
Battery America, Inc.*

**<u>INDEX OF EXHIBITS</u>**

| Exhibit | Description |
|---------|-------------|
| A | ITC Order Granting Respondents' Motion Seeking Recommendation to Issue a Letter of Request |
| B | Letter of Request and Attachments A–B |
| C | German Translation of Letter of Request and Attachments A–B |

**CERTIFICATE OF SERVICE**

I, Jennifer Swize, hereby certify that on May 29, 2020 copies of the foregoing **MOTION FOR ISSUANCE OF LETTER OF REQUEST, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT,** were served as follows:

| | |
|---|---|
| Lauren A. Degnan<br>FISH & RICHARDSON P.C.<br>1000 Maine Avenue, SW<br>Suite 1000<br>Washington, DC 20024 | *Counsel for Complainants LG Chem, Ltd.,*<br>*LG Chem Michigan, Inc., and Toray*<br>*Industries, Inc.*<br><br>*Via* E-Mail:<br>FishServ1181LGCSKI@fr.com |
| Peter A. Swanson<br>COVINGTON & BURLING LLP<br>One City Center, 850 Tenth Street, N.W.<br>Washington, DC 20001 | *Counsel for Respondents SK Innovation*<br>*Co., Ltd. and SK Battery America, Inc.*<br><br>*Via*<br>*COV-SKI-1181@cov.com* |

May 29, 2020

Jennifer Swize
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In the Matter of** | Case: 1:20-mc-00034 |
| | Assigned To : Leon, Richard J. |
| **CERTAIN LITHIUM-ION BATTERY CELLS,** | Assign. Date : 5/29/2020 |
| **BATTERY MODULES, BATTERY PACKS,** | Description: Misc. |
| **COMPONENTS THEREOF, AND** | |
| **PRODUCTS CONTAINING THE SAME** | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ISSUANCE OF LETTER OF REQUEST

SK Innovation Co., Ltd. and SK Battery America, Inc. (collectively "SKI"), Respondents

in *In re Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components Thereof,*

*And Products Containing The Same*, Investigation No. 337-TA-1181 before the U.S. International

Trade Commission ("ITC"), hereby submit this memorandum in support of their request for

issuance of the attached Letter of Request.

## I.   STATEMENT OF FACT

On May 26, 2020, SKI moved the ITC to recommend that this Court issue the attached

Letter of Request.  The motion explained that SKI sought foreign discovery on the basis of its

good faith belief that foreign third party Evonik Industries AG ("Evonik") possesses unique

documents and information concerning asserted violation of section 337 of the Tariff Act of

1930 based on importation of products that allegedly infringe U.S. Patent Nos. 7,662,517 ("the

'517 patent"); 7,638,241 ("the '241 patent"); 7,709,152 ("the '152 patent"); and 7,771,877 ("the

'877 patent").  These patents generally relate to separators and materials used in lithium-ion

batteries.

SKI's motion noted that Evonik is the successor of a German company named Degussa

AG ("Degussa").  Upon information and belief, in or around 2002 to 2006, Degussa and LG

1

Chem, Ltd.—a complainant in the ITC Investigation—engaged in discussions and joint efforts related to separators for lithium-ion batteries. Within that time period, Degussa provided samples of its separators, including its "Separion" separators, to LG Chem for testing and evaluation. The efforts between Degussa and LG Chem also resulted in a memorandum of understanding and a joint development agreement. The Degussa separators and information related to those separators is relevant to SKI's defenses in the ITC Investigation as devices or materials that may be prior art to the asserted patents. And as the successor company for Degussa, Evonik is likely in possession of these documents and materials which are directly relevant to SKI's defenses based on the invalidity of the asserted patents.

SKI's motion before the ITC was unopposed, and on May 27, 2020, Administrative Law Judge Dee Lord issued a recommendation (Exhibit A) that the U.S. District Court for the District of Columbia issue the attached Letter of Request (Exhibit B) pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. The ALJ found that the Letter of Request meets the standards set forth by the Hague Convention—which includes submitting German translations (Exhibit C)—and further requested that this Court assign a Judge and expedite issuance of the Letter of Request in order to comply with the statutory time limitation on ITC Investigations.

## II.    STATEMENT OF POINTS AND AUTHORITIES

The Hague Convention provides that "[i]n civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provision of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Hague Convention, Art. 1, opened for signature, Mar. 18, 1970, 23 U.S.T. 2555. Both the United States and Germany are parties to the Hague Convention. Thus, a Letter of Request pursuant to the Hague Convention is an appropriate means

for seeking documents and deposition testimony from a foreign nonparty located in Germany. *See NXP B.V. and NXP Semiconductors USA, Inc v. Dell Inc.*, Case No. 1:15-mc-1131-RJL, Dkt. No. 3 (D.D.C 2015) (issuing letter of request, upon recommendation from the ITC, directed to third-party residing in Germany).

The Hague Convention authorizes the District Court for the District of Columbia to issue the Letter of Request. *See* 28 U.S.C. § 1781(b)(2) (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"); *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court*, 482 U.S. 522, 535 (1987) (stating that "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"). This Court thus has authority to issue the attached Letter of Request, which is narrowly tailored in time and scope to minimize any burden.

## III.   CONCLUSION

For the foregoing reasons, SKI respectfully requests that the this Court grant its motion in accordance with the ITC's recommendation and issue the attached Letter of Request.

Dated:  May 29, 2020

Respectfully submitted,

Jennifer Swize
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: 202.879.3939
Email: SKI-ITC-Service-JD@jonesday.com

*Attorney for SK Innovation Co., Ltd. and SK
Battery America, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **In the Matter of** |
| **CERTAIN LITHIUM-ION BATTERY CELLS, BATTERY MODULES, BATTERY PACKS, COMPONENTS THEREOF, AND PRODUCTS CONTAINING THE SAME** |

**Misc. Action. No.** _____

**[PROPOSED] ORDER**

Upon consideration of SK Innovation Co., Ltd. and SK Battery America, Inc.'s Motion for

Issuance of Letter of Request, and Administrative Law Judge Dee Lord's Recommendation for

this Court to issue the Letter of Request, the motion is hereby GRANTED.

IT IS SO ORDERED.

DATED:_____        _____

                                        UNITED STATES DISTRICT JUDGE

1

# Exhibit A

UNITED STATES INTERNATIONAL TRADE COMMISSION

Washington, D.C.

| | |
|---|---|
| **In the Matter of** | |
| **CERTAIN LITHIUM-ION BATTERY CELLS, BATTERY MODULES, BATTERY PACKS, COMPONENTS THEREOF, AND PRODUCTS CONTAINING THE SAME** | Inv. No.  337-TA-1181 |

ORDER NO. 12:     GRANTING RESPONDENTS' MOTION SEEKING
RECOMMENDATION TO ISSUE A LETTER OF REQUEST

(May 27, 2020)

On May 26, 2020, Respondents SK Innovation Co., Ltd. and SK Battery America, Inc.

filed a motion seeking recommendation to the District Court for the District of Columbia to issue

a letter of request (Motion Docket No. 1181-008).  There is no opposition to the motion from

Complainants.

Respondents seek to obtain discovery from Evonik Industries AG, a German company

that is the successor to Degussa AG, a company that Respondents have identified as likely in

possession of documents or material that are relevant to Respondents' invalidity defenses in this

investigation.   A Letter of Request is the appropriate method for seeking discovery from

Germany, which is a party to the Hague Convention of 18 March 1970 on the Taking of

Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").  *See, e.g., Certain*

*Automated Teller Machines, ATM Modules, Components Thereof, and Products Containing the*

*Same*, Inv. No. 337-TA-989, Order No. 9 (Jun. 6, 2016).  Pursuant to the Federal Rules of Civil

Procedure and the All Writs Act, United States District Courts are authorized to transmit Letters

of Request to the Department of State or to the appropriate foreign tribunal, officer, or agency.

Fed. R. Civ. P. 4(f)(2)(B); 28 U.S.C. §§ 1651, 1781.  Administrative law judges may issue

recommendations to the United States District Court for the District of Columbia to issue Letters

of Request.  *See, e.g., Certain Industrial Automation Systems and Components Thereof Including*

*Control Systems, Controllers, Visualization Hardware, Motion Control Systems, Networking*

*Equipment, Safety Devices, and Power Supplies*, Inv. No. 337-TA-1074, Order No. 8 (Dec. 13,

2017).

      There being no opposition and for good cause shown, Motion Docket No. 1181-008 is

hereby GRANTED.  A recommendation to the United States District Court for the District of

Columbia is attached hereto as Attachment A.

**SO ORDERED.**

                                          Dee Lord
                                          Dee Lord
                                          Administrative Law Judge

Attachment A

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

In the Matter of

**CERTAIN LITHIUM-ION BATTERY
CELLS, BATTERY MODULES, BATTERY
PACKS, COMPONENTS THEREOF, AND
PRODUCTS CONTAINING THE SAME**

Inv. No. 337-TA-1181

## RECOMMENDATION TO THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## TO ISSUE A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO
## THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE
## ABROAD IN CIVIL OR COMMERCIAL MATTERS

(May 27, 2020)

The undersigned Administrative Law Judge finds that the evidence that Respondents SK

Innovation Co., Ltd. and SK Battery America, Inc. seek from Evonik AG pursuant to their

Proposed Letter of Request is reasonably necessary to investigate fully their defenses to a claim

of violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the

above-captioned matter before the United States International Trade Commission. Accordingly,

the undersigned recommends that the District Court for the District of Columbia issue, under its

seal and signature, the attached Letter of Request to the appropriate Central Authority in

Germany.

A Letter of Request is the appropriate method of gathering the necessary requested

evidence outside the United States. Respondents must transmit the Letter of Request with a

District Court Judge's signature and the District Court's seal to the appropriate Central Authority

in Germany. The Proposed Letter of Request meets the standards set forth by the Hague

Convention regarding the Federal Republic of Germany. *See* U.S. Department of State, Germany Judicial Assistance Information (last updated Nov. 15, 2013).[1]

In order to comply with the statutory time limitations on International Trade Commission investigations, the undersigned respectfully requests the Court to assign a judge and schedule a hearing to expedite the issuance of the Letter of Request.

Respectfully Submitted,

Dee Lord
Administrative Law Judge
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436

Address for Return of Issued Letter of Request:

Blaney Harper
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: 202.879.3939
Email: SKI-ITC-Service-JD@jonesday.com

---

[1] *Available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Germany.html

CERTAIN LITHIUM-ION BATTERY CELLS, BATTERY
MODULES, AND BATTERY PACKS, COMPONENTS
THEREOF, AND PRODUCTS CONTAINING THE SAME

Inv. No. 337-TA-1181

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been
served upon the following parties as indicated, on 5/27/2020.

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC  20436

**On Behalf of Complainants LG Chem, Ltd., LG Chem
Michigan, Inc., and Toray Industries, Inc.:**

| | |
|---|---|
| Lauren Degnan | ☐ Via Hand Delivery |
| **FISH & RICHARDSON P.C.** | ☐ Via Express Delivery |
| 1000 Maine Ave, SW Suite 1000 | ☐ Via First Class Mail |
| Washington, DC 20024 | ☒ Other: Email Notification |
| Email: degnan@fr.com | of Availability for Download |

**On Behalf of  Respondents SK Battery America, Inc. and
SK Innovation Co., Ltd.:**

| | |
|---|---|
| Blaney Harper | ☐ Via Hand Delivery |
| **JONES DAY** | ☐ Via Express Delivery |
| 51 Louisiana Avenue, N.W. | ☐ Via First Class Mail |
| Washington, D.C. 20001 | ☒ Other: Email Notification |
| Email: bharper@jonesday.com | of Availability for Download |

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

In the Matter of

**CERTAIN LITHIUM-ION BATTERY CELLS,**
**BATTERY MODULES, BATTERY PACKS,**
**COMPONENTS THEREOF, AND**
**PRODUCTS CONTAINING THE SAME**

Civil Action No. Misc. _____

*Request for International Judicial*
*Assistance Pursuant to Hague Convention*
*of 18 March 1970 on the Taking of*
*Evidence Abroad in Civil or Commercial*
*Matters*

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE**
**HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR**
**COMMERCIAL MATTERS (28 U.S.C. § 1782)**

TO:     Die Präsidentin des Oberlandesgerichts Düsseldorf
        Cecilienallee 3
        D-40474 Düsseldorf
        tel.: +49 (211) 4971-0
        fax: +49 (211) 4971-548
        e-mail: poststelle@olgduesseldorf.nrw.de


FROM:   The Honorable _____
        United States District Court for the District of Columbia
        333 Constitution Ave., NW
        Washington, D.C. 20001, USA
        Phone: +1 (202) 354-3080

The United States District Court for the District of Columbia presents its compliments to

the Central Authority of Germany and requests international judicial assistance to obtain evidence

to be used in the above-captioned investigation ("Investigation"). It has been demonstrated to us

that justice cannot completely be done amongst the parties without the taking of evidence from

Evonik Industries AG, which is headquartered at Rellinghauser Straße 1—11, 45128 Essen,

Germany and within your jurisdiction. In conformity with Article 3 of the Hague Convention on

the Taking of Evidence Abroad in Civil or Commercial Matters (28 U.S.C. § 1782) ("the Hague

Convention"), the undersigned applicant has the honor to submit the following request:

1

| 1. Sender | Honorable _____<br>United States District Court<br>for the District of Columbia<br>333 Constitution Avenue N.W. Washington D.C. 20001 U.S.A. |
|---|---|
| 2. Central Authority of the Requested State | Die Präsidentin des Oberlandesgerichts Düsseldorf<br>Cecilienallee 3<br>40474 Düsseldorf<br>tel.: +49 (211) 4971-0<br>fax: +49 (211) 4971-548<br>e-mail: poststelle@olg-duesseldorf.nrw.de |
| 3. Person to whom the executed request is to be returned | Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: 202.879.3939<br>Email: SKI-ITC-Service-JD@jonesday.com |
| 4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request | |
| Date | A response is requested by June 22, or as soon as practicable in order to ensure the evidence may be obtained before the period for fact discovery concludes and is available for trial. Expedient treatment of this request will allow the parties to arrange a mutually agreeable date for production and avoid disruption to the witness's business or personal plans. |

| Reason for urgency | Under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, investigations in the United States International Trade Commission must be completed "at the earliest practicable time." |
| | |
| | The requested discovery is narrow, highly relevant, and not burdensome. Expedient treatment of this request will allow the relevant authority to make an informed decision on the merits of this investigation. |

| In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request: | | |
|---|---|---|
| 5. | a. Requesting judicial authority (Article 3, *a*) | United States District Court Judge<br>U.S. District Court for the District of Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001<br>United States of America |
| | b. To the competent authority of (Article 3, *a*) | Germany |
| | c. Names of the case and any identifying number | In the Matter of Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components Thereof, And Products Containing The Same, Investigation No. 337-TA-1181. |

| Names and addresses of the parties and their representatives (including representatives in the requested State) (Article 3, *b*) | | |
|---|---|---|
| 6.<br>d | a. Plaintiff (Complainant) | LG Chem, Ltd. ("LGCL" or "LG Chem"), LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul 07336, Republic of Korea.<br><br>LG Chem Michigan Inc. ("LGCMI"), 1 LG Way, Holland, MI 49423, United States.<br><br>Toray Industries, Inc. ("Toray"), Nihonbashi Mitsui Tower, 1-1, Nihonbashi-Muromachi, 2-chrome, Chuo-ku, Tokyo 103-0022, Japan. |

| | | |
|---|---|---|
| Representatives | Michael McKeon<br>Lauren Degnan<br>Timothy W. Rife<br>Ralph A. Phillips<br>Daniel A. Tishman<br>Thomas S. Fusco<br>FISH & RICHARDSON P.C.<br>1000 Maine Ave., SW<br>Suite 1000<br>Washington, DC 20024<br>Telephone: (202) 783-5070<br>Facsimile: (202) 783-2331<br><br>Leeron G. Kalay<br>FISH & RICHARDSON P.C.<br>500 Arguello St., Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070 | |
| b. Defendants (Respondents) | SK Innovation Co., Ltd. ("SKIC"), 26 Jongno-gu, Jongno-gu, Seoul 03188, Republic of Korea<br><br>SK Battery America, Inc. ("SKBA"), 201 17th Street NW, Suite 1700, Atlanta, GA 30363, United States. | |
| Representatives | Blaney Harper<br>Vishal V. Khatri<br>Yury Kalish<br>Alex K. Chung<br>Jihong Lou<br>Edwin Garcia<br>Yang Li<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: 202.879.3939<br>Email: SKI-ITC-Service-JD@jonesday.com<br><br>Yeah-Sil Moon<br>Gasper J. LaRosa<br>Stuart W. Yothers<br>JONES DAY | |

| | | 250 Vesey Street |
| | | New York, New York 10281 |
| | | Phone: 212.326.3939 |
| | | |
| | | Anthony M. Insogna |
| | | JONES DAY |
| | | 4655 Executive Drive, Suite 1500 |
| | | San Diego, CA 92121 |
| | | Phone: 858.314.1200 |
| | | |
| | | David B. Cochran |
| | | Kaitlin Crowder |
| | | JONES DAY |
| | | 901 Lakeside Avenue |
| | | Cleveland, Ohio 44114 |
| | | Phone: 216.586.3939 |
| | c. Other parties | |
| 7. Nature of the Proceedings | | This is a proceeding being conducted by the United States International Trade Commission under Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, based on a Complaint filed by LG Chem, Ltd. ("LGCL" or "LG Chem"), LG Chem Michigan Inc. ("LGCMI"), and Toray Industries, Inc. ("Toray") (collectively "Complainants"), filed on September 26, 2019. |
| | | |
| | | Complainants allege that SK Innovation Co., Ltd. ("SKIC") and SK Battery America, Inc. ("SKBA") (collectively "Respondents") infringe U.S. Patent Nos. 7,662,517 ("the '517 patent"); 7,638,241 ("the '241 patent"); 7,709,152 ("the '152 patent"); and 7,771,877 ("the '877 patent") (collectively, the "Asserted Patents"). The alleged violation stems from importation of certain lithium-ion battery cells, battery modules, battery packs, components thereof (including battery separators and powderous electrode active |

| | | |
|---|---|---|
| | | material), and vehicles containing same.<br><br>The International Trade Commission instituted proceedings based on Complainants' allegations.  Upon institution, the case was assigned to Administrative Law Judge Dee Lord to preside over pre-trial matters, conduct a trial, and issue an initial determination on the merits of the case.<br><br>Respondents deny Complainants' claims on the basis of non-infringement and invalidity of the patents. |
| 8. | a. Evidence to be obtained or other judicial act to be performed (Article 3, *d*) | It is respectfully requested that the Central Authority of Germany order Evonik Industries AG ("Evonik") to produce copies of documents and other property as described in Attachment A. Specifically, that Evonik produce all information relevant to Degussa AG and LG Chem dealings, in or around 2002 to 2006, related to separators for lithium-ion batteries.<br><br>It is additionally requested that the Central Authority of Germany order Evonik to provide testimony regarding deposition topics set forth in Attachment A.  Namely, testimony concerning Degussa AG and LG Chem dealings, in or around 2002 to 2006, related to separators for lithium-ion batteries. |
| | b. Purpose of the evidence or judicial act sought | The requested documents will provide important evidence related to the prior art and invalidity defenses related to the asserted patents, which is urgently needed as the International Trade Commission proceeds with the Investigation. |
| 9. Identity and address of any person to be examined (Article 3, *e*) | | Evonik Industries AG<br>Rellinghauser Straße 1—11<br>45128 Essen |

|  | Germany |
|---|---|
| 10. Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*) | The topics of the deposition questions set forth in Attachment A. |
| 11. Documents or other property to be inspected (Article 3, *g*) | The documents or other property to be inspected are set forth in Attachment A: <br><br> 1) Memorandum of Understanding ("MOU") between Degussa and LG Chem signed in 2002–2004 timeframe related to separators for lithium-ion batteries. <br><br> 2) Joint Development Agreement ("JDA") between Degussa and LG Chem signed in 2003–2005 timeframe related to separators for lithium-ion batteries. <br><br> 3) Documents related to meetings between Degussa and LG Chem in 2002–2006 timeframe related to separators for lithium-ion batteries, including lists of attendees, agendas, meeting minutes, or any other notes pertaining such. <br><br> 4) Any samples of Degussa separators, including Separion separators, provided by Degussa to LG Chem in 2002–2006 timeframe or documents related to such, including any testing procedures or results. <br><br> 5) All communications between Degussa and LG Chem in 2002–2006 timeframe related to separators for lithium-ion batteries. |
| 12. Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h*) | It is respectfully requested that the Central Authority of Germany direct the witness to be duly sworn in accordance with the applicable procedures of Germany, and that the testimony be taken and transcribed by a qualified court reporter and videographer provided by Respondents. <br><br> It is respectfully requested that a qualified |

| | |
|---|---|
| | Evonik representative be examined under oath or affirmation, or in the alternative, that such representative be instructed of the consequences for giving untruthful and false answers under the law of Germany. |
| 13. Special methods or procedure to be followed (Articles 3, *i* and 9) | In the event that any document called for by these requests is withheld in whole or in part on the basis of any applicable privilege, it is requested that Evonik furnish a privilege log that identifies each document for which any privilege is claimed and that provides, with respect to each document, the following information:<br>(a) the date the document was created and last modified;<br>(b) the subject matter of the document;<br>(c) the person(s) who prepared the document;<br>(d) all persons to whom the document was distributed, shown, or explained;<br>(e) the document's present custodian; and<br>(f) the nature of the privilege asserted.<br><br>It is requested that: (1) the parties' representatives or their designees, interpreters, and a stenographer be permitted to be present during the examination; (2) there be excluded from the examination, if permitted under the law of Germany, all persons other than the judicial officer conducting the examination of Evonik's representative, the attorneys for the parties, the stenographer, interpreters, and other officials of the court of Germany normally present during such proceedings; (3) a stenographer be permitted to record verbatim the examination of Evonik's representative; and (4) the representatives or their designees be permitted to submit additional questions for presentment to Evonik's representative following his or her answering of the questions and topics set forth in Attachment A. |

| | |
|---|---|
| 14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7) | It is requested that the individuals identified below be furnished as soon as practicable with a copy of the executed Letter of Request.<br><br>Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: 202.879.3939<br>Email: SKI-ITC-Service-JD@jonesday.com |
| 15. Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8). | None |
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*) | The witness or custodian may refuse to give evidence only insofar as he or she has a privilege or duty to refuse to give evidence under the laws of Germany or the United States. |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by | SK Innovation Co., Ltd. ("SKIC") and SK Battery America, Inc. ("SKBA")<br><br>Represented by:<br>Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Phone: 202.879.3939<br>Email: SKI-ITC-Service-JD@jonesday.com |
| Date of Request | |
| Signature and Seal of the Requesting Authority | United States District Court Judge<br>U.S. District Court for the District of Columbia |
| Attachment A: Documents or Other Property to be Produced by Evonik Industries AG and Topics for the Deposition of Evonik Industries AG<br><br>Attachment B: Protective Order | |

# Attach. A

**ATTACHMENT A:**

**DOCUMENTS OR OTHER PROPERTY TO BE PRODUCED BY EVONIK
INDUSTRIES AG AND TOPICS FOR
THE DEPOSITION OF EVONIK INDUSTRIES AG**

**DEFINITIONS**

The Document Requests ("Requests") below incorporate the following definitions.

These definitions apply to all Requests regardless of whether upper or lower case letters are used.

1.      "You," "Your," "Evonik," or "Degussa" means Evonik Industries AG or

Degussa AG.

2.      "Complainants" means any or all of Complainants LG Chem, Ltd., LG Chem

Michigan Inc., and Toray Industries, Inc., and their (i) present or former directors, officers,

employees, agents, representatives, accountants, investigators, consultants, attorneys, and

predecessors or successors in interest, and any parent, subsidiary or affiliated entities; (ii) any

other person or entity acting on Complainants' behalf or on whose behalf Complainants acted;

(iii) and any person or entity which owes a duty, contractual or otherwise, to communicate with

Complainants any facts, or provide any Documents, relating to the Asserted Patents, the history

thereof, or this Investigation; and (iv) any other person or entity otherwise subject to

Complainants' control, or which controls Complainants, or with which Complainants are under

common control.

3.      "Respondents" or "SKI" means any or all of SK Innovation Co., Ltd. and SK

Battery America, Inc.

4.      "Asserted Patents" mean United States Patent Nos. 7,662,517 ("the '517 patent"),

7,638,241 ("the '241 patent"), 7,709,152 ("the '152 patent"), and 7,771,877 ("the '877 patent").

5.      "Prior Art" includes any document, event, thing, or subject matter of the type set

forth in or relevant under 35 U.S.C. § 102 or § 103.

6.    "Thing" specifically includes, by way of example but not limitation, any disc, tape or other electronic media storage device, any product and any model, prototype or experimental device or part or assembly thereof.

7.    "Communication" means every manner or method of the disclosure, transfer, or exchange of information, whether orally, electronically or by hard copy, and whether face-to-face or by telephone, mail, facsimile, email, Internet communication or otherwise.

8.    "Document" includes Communications, Things, and documents in any form, including documents stored electronically. Any comment or notation appearing in any Document, and not part of the original text, is to be considered a separate "Document."

9.    "Date" means the exact day, month and year if ascertainable, or if not, Complainant's best approximation thereof.

10.    "Person" refers to both a natural person and entity, such as an organization, firm, corporation, or other legal entity. The acts "of" a Person are defined to include the acts of directors, officers, members, employees, agents or attorneys acting on the Person's behalf.

11.    "Relating" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

12.    "Identify" or provide the "Identity" or "Identification" of a Person who is a natural person means to state for that person: the person's full name, present or last known address, present or last known telephone number, present or last known employer and that

employer's address, and present or last known job title.

13.     "Identify" or provide the "Identity" or "Identification" of a Person that is an entity means to state for that entity: the entity's full name, present or last known address, present or last known telephone number, all known names under which the entity has operated in the past, and all known addresses at which the entity has conducted business in the past.

14.     To "Identify" any Document or Thing or to provide the "Identity" or "Identification" of any Document or Thing means:

    a.   To provide a brief description of such Document or Thing sufficient to support a request for production;

    b.   To specify the place where the Document or Thing may be Inspected; and

    c.   If a copy of the Document or Thing has been previously supplied, to so state and specifically identify the previously supplied copy by reference to Bates number(s) or other identifying information such as litigation control number.

15.     As used herein, the singular shall always include the plural, the present tense shall also include the past tense, and vice versa.

16.     "And," and "or" shall be construed in the conjunctive or disjunctive sense, whichever makes the Request more inclusive.

## INSTRUCTIONS

In addition to the above Definitions, the following Instructions shall also apply to these Requests:

1.     If any document or identification of any document or oral communication is withheld under a claim of privilege in response to a Request, You shall provide sufficient information to determine the identity of the document or oral communication and state the basis

for any Asserted Claim of privilege within ten (10) days of making the claim. In particular, for each privileged document or communication, You shall identify:

    a. The Date the information was created or communicated;

    b. The author(s) or speaker(s) and their employer(s) and position(s), including whether each person is an attorney or patent agent;

    c. All recipients and their employer(s) and position(s), including whether each person is an attorney or patent agent;

    d. The general subject matter of the information; and

    e. The type of privilege or protection claimed.

2.    If You object to any part of a Request and refuse to produce Documents in response to that part, You shall state Your objection and produce Documents in response to all remaining portions of the Request. If You object to the scope or time period of a Request and refuse to produce Documents for that scope or time period, You shall state Your objection and the scope or time period You believe is appropriate.

3.    If any of the following Requests cannot be responded to in full after exercising due diligence to secure the requested Documents, please so state and respond to the extent possible, specifying Your inability to respond to the remainder and producing whatever Documents You have Relating to the unanswered portion. If Your response is qualified in any way, set forth the details of such qualification.

4.    If a Document responsive to any Request is in a language other than English and an English translation exists, then identify and provide both Documents.

5.    These Requests seek Documents and Things in existence as of the Date of service thereof.

6.      You are to search all documents within your possession, custody, or control, wherever located, including but not limited to any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other Person acting or purporting to act on your behalf (whether located at his/her residence or place of business), in order to fully respond to the requests herein.

7.      You are to produce documents from any single file in the same order as they were found in such file, including any labels, files, folders and/or containers in which such documents are located or with which such Documents are associated.  If copies of documents are produced in lieu of the originals, such copies should be legible and bound, stapled, or segregated in the same manner as the original.

8.      If you do not produce each document or thing requested herein as they are kept in the usual course of business, you must organize and label the documents or things produced to correspond with the particular document request to which the document or thing is responsive.

9.      You are to produce all documents which are responsive in whole or in part to any of the requests herein in full, without abridgement, abbreviation, or expurgation of any sort. If any such documents cannot be produced in full, produce the document to the extent possible.

10.      You are required to produce not only the original or an exact copy of the original of all documents or things responsive to any of the requests herein, but also all copies of such documents or things which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts or embodiments of such documents or things. You are also required to produce all versions of the requested documents stored by a computer internally, on disk, on CD-ROM, or on tape.

11.      If any of the documents requested herein are no longer in your possession,

custody, or control, you are requested to identify each such requested document by date, type of document, Person(s) from whom sent, Person(s) to whom sent, and Person(s) receiving copies, and to provide a summary of its pertinent contents.

12.     If any document responsive to these requests has been destroyed, describe the content of such document, the location of any copies of such document, the date of such destruction, and the name of the Person who ordered or authorized such destruction.

13.     Electronic and computerized materials must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit tendering of the material intelligible.

14.     If you withhold any document responsive to these requests, either partially or entirely, on grounds of privilege or immunity from discovery, you must provide a log that describes, for each document so withheld:

       a.   the document's format (*e.g.*, email, memorandum, presentation);

       b.   the document's title;

       c.   the document's author or authors;

       d.   any and all recipients of the document;

       e.   the date on which the document was created;

       f.   the subject of the matter being withheld;

       g.   the privilege or immunity being asserted; and

       h.   the full justification for applying that privilege or immunity.

## REQUESTS FOR PRODUCTION

Please produce or allow for inspection and copying the following described Documents and Things in Your possession, custody, or control:

1.      All Documents and Things related to Degussa and LG Chem, Ltd. dealings between the 2002 to 2007 timeframe concerning separators for lithium-ion batteries.

2.      Memorandum of Understanding ("MOU") between Degussa and LG Chem, Ltd. signed in 2002 to 2004 timeframe related to separators for lithium-ion batteries.

3.      Joint Development Agreement ("JDA") between Degussa and LG Chem, Ltd. signed in 2003 to 2005 timeframe related to separators for lithium-ion batteries.

4.      Documents related to meetings between Degussa and LG Chem, Ltd. in 2002 to 2006 timeframe related to separators for lithium-ion batteries, including lists of attendees, agendas, meeting minutes, or any other notes pertaining such.

5.      Any samples of Degussa separators, including Separion separators, provided by Degussa to LG Chem, Ltd. in 2002 to 2006 timeframe, or documents related to such, including any testing procedures or results.

6.      All communications between Degussa and LG Chem, Ltd. in 2002 to 2006 timeframe related to separators for lithium-ion batteries.

## QUESTIONS AND TOPICS TO BE ASKED

1.      The facts and circumstances describing Degussa's and LG Chem, Ltd.'s dealings between 2002 until 2007 related to separators for lithium-ion batteries.

2.      The development, design, testing, specification, operation, protocol, evaluation, configuration, diagnosis, or any related use of separators for lithium-ion batteries between 2002 until 2007 or components pertaining such separators.

3.      Information concerning the development, design, testing, specification, operation, protocol, evaluation, configuration, diagnosis, or any related use of Separion separators during 2002 until 2007.

4.      The extent of to which Degussa provided information, samples, or other documents to LG Chem, Ltd. concerning separators for lithium-ion batteries or components related to such between 2002 and 2007.

5.      Whether all documents provided in response to the request for production are true and accurate copies.

# Attach. B

## UNITED STATES INTERNATIONAL TRADE COMMISSION

### Washington, D.C.

| | |
|---|---|
| In the Matter of<br><br>**CERTAIN LITHIUM-ION BATTERY**<br>**CELLS, BATTERY MODULES,**<br>**BATTERY PACKS, COMPONENTS**<br>**THEREOF, AND PRODUCTS**<br>**CONTAINING THE SAME** | Inv. No. 337-TA-1181 |

**ORDER NO. 1:      PROTECTIVE ORDER**

(November 1, 2019)

WHEREAS, documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, which materials relate to trade secrets or other confidential research, development or commercial information, as such terms are used in the Commission's Rules, 19 C.F.R. § 210.5;

IT IS HEREBY ORDERED THAT:

1.      Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either (i) impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions; or (ii) causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such

information.  The term "confidential business information" includes "proprietary information"

within the meaning of section 777(b) of the Tariff Act of 1930 (19 U.S.C. § 1677f(b)).

2(a).    Any information submitted, in pre-hearing discovery or in a pleading, motion, or

response to a motion either voluntarily or pursuant to order, in this investigation, which is

asserted by a supplier to contain or constitute confidential business information shall be so

designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall

be segregated from other information being submitted.  Documents shall be clearly and

prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS

INFORMATION SUBJECT TO PROTECTIVE ORDER" or a comparable notice.  Such

information, whether submitted in writing or in oral testimony, shall be treated in accordance

with the terms of this protective order.

(b).    The Administrative Law Judge or the Commission may determine that

information alleged to be confidential is not confidential, or that its disclosure is necessary for

the proper disposition of the proceeding, before, during or after the close of a hearing herein.  If

such a determination is made by the Administrative Law Judge or the Commission, opportunity

shall be provided to the supplier of such information to argue its confidentiality prior to the time

of such ruling.

3.    In the absence of written permission from the supplier or an order by the

Commission or the Administrative Law Judge, any confidential documents or business

information submitted in accordance with the provisions of paragraph 2 above shall not be

disclosed to any person other than:  (i) outside counsel for parties to this investigation, including

necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking

testimony involving such documents or information and necessary stenographic and clerical

2

personnel thereof; (iii) technical experts and their staff who are employed for the purposes of this

litigation (unless they are otherwise employed by, consultants to, or otherwise affiliated with a

non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler,

retailer, or distributor of the products, devices or component parts that are the subject of this

investigation); (iv) the Commission, the Administrative Law Judge, the Commission staff, and

personnel of any governmental agency as authorized by the Commission; (v) the Commission, its

employees, and contract personnel who are acting in the capacity of Commission employees, for

developing or maintaining the records of this investigation or related proceedings for which this

information is submitted, or in internal audits and investigations relating to the programs and

operations of the Commission pursuant to 5 U.S.C. Appendix 3; and (vi) by U.S. government

employees and contract personnel, solely for cybersecurity purposes.[1]

4.      Confidential business information submitted in accordance with the provisions of

paragraph 2 above shall not be made available to any person designated in paragraph 3(i)[2] and

(iii) unless he or she shall have first read this order and shall have agreed, by letter filed with the

Secretary of this Commission:  (i) to be bound by the terms thereof; (ii) not to reveal such

confidential business information to anyone other than another person designated in paragraph 3;

(iii) to utilize such confidential business information solely for purposes of this investigation;

and (iv) including the following acknowledgment:

> I, the undersigned, acknowledge that information submitted in response to this
> request for information and throughout this investigation or other proceeding may
> be disclosed to and used:
>
> (i) by the Commission, its employees and Offices, and contract personnel (a) for
> developing or maintaining the records of this or a related proceeding, or (b) in
> internal investigations, audits, reviews, and evaluations relating to the programs,

---

[1] *See* Commission Administrative Order 16-01 (Nov. 7, 2015).

[2] Necessary secretarial and support personnel assisting counsel need not sign onto the protective order themselves because they are covered by counsel's signing onto the protective order.

personnel, and operations of the Commission including under 5 U.S.C. Appendix 3; or

(ii) by U.S. government employees and contract personnel, solely for cybersecurity purposes. I understand that all contract personnel will sign appropriate nondisclosure agreements.

5.      If the Commission or the Administrative Law Judge orders, or if the supplier and all parties to the investigation agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless the Commission or the Administrative Law Judge finds that the information is not confidential business information as defined in paragraph 1 hereof.

6(a).   Any confidential business information submitted to the Commission or the Administrative Law Judge in connection with a motion or other proceeding within the purview of this investigation shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with this investigation containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER." Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof. Alternatively, he or she shall sign the agreement included as Attachment A hereto.

4

Copies of each such signed agreement shall be provided to the supplier of such confidential business information and the Secretary of the Commission.

(b)     Suppliers of confidential business information are strongly encouraged to encrypt nonpublic documents that are electronically transmitted to the Commission to protect your sensitive information from unauthorized disclosure. The USITC secure drop-box system and the Electronic Document Information System (EDIS) use Federal Information Processing Standards (FIPS) 140-2 cryptographic algorithms to encrypt data in transit. Submitting your nonpublic documents by a means that does not use these encryption algorithms (such as by email) may subject your firm's nonpublic information to unauthorized disclosure during transmission. If you choose a non-encrypted method of electronic transmission, the Commission warns you that the risk of such possible unauthorized disclosure is assumed by you and not by the Commission.

7.     The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or the Commission or the Administrative Law Judge rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8.     The Commission, the Administrative Law Judge, and the Commission investigative attorney acknowledge that any document or information submitted as confidential business information pursuant to paragraph 2 above is to be treated as such within the meaning of 5 U.S.C. § 552(b)(4) and 18 U.S.C. § 1905, subject to a contrary ruling, after hearing, by the Commission or its Freedom of Information Act Officer, or the Administrative Law Judge. When such information is made part of a pleading or is offered into the evidentiary record, the data set

forth in 19 C.F.R. § 201.6 must be provided except during the time that the proceeding is

pending before the Administrative Law Judge. During that time, the party offering the

confidential business information must, upon request, provide a statement as to the claimed basis

for its confidentiality.

9.    Unless a designation of confidentiality has been withdrawn, or a determination

has been made by the Commission or the Administrative Law Judge that information designated

as confidential, is no longer confidential, the Commission, the Administrative Law Judge, and

the Commission investigative attorney shall take all necessary and proper steps to preserve the

confidentiality of, and to protect each supplier's rights with respect to, any confidential business

information designated by the supplier in accordance with paragraph 2 above, including, without

limitation: (a) notifying the supplier promptly of (i) any inquiry or request by anyone for the

substance of or access to such confidential business information, other than those authorized

pursuant to this order, under the Freedom of Information Act, as amended (5 U.S.C. § 552) and

(ii) any proposal to redesignate or make public any such confidential business information; and

(b) providing the supplier at least seven days after receipt of such inquiry or request within which

to take action before the Commission, its Freedom of Information Act Officer, or the

Administrative Law Judge, or otherwise to preserve the confidentiality of and to protect its rights

in, and to, such confidential business information.

10.    If while an investigation is before the Administrative Law Judge, a party to this

order who is to be a recipient of any business information designated as confidential and

submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or

in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the

subject information proffered within the context of this order. If prior to, or at the time of such a

conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the investigation, such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties and the Administrative Law Judge.  If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to the Administrative Law Judge who will rule upon the matter.  The Administrative Law Judge may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation. .

11.    No less than 10 days (or any other period of time designated by the Administrative Law Judge) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier.  If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure.  If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to the Administrative Law Judge for a ruling by filing a motion for a protective order pursuant to Commission Rule 210.34.  If the investigation is before the Commission the matter shall be submitted to the Commission for resolution.  The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of the Commission or the Administrative Law Judge.  The terms of this paragraph shall be inapplicable

to experts within the Commission or to experts from other governmental agencies who are consulted with or used by the Commission.

12.    If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and the Administrative Law Judge and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.    Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Commission, its Freedom of Information Act Officer, or the Administrative Law Judge concerning the issue of the status of confidential business information.

14.    Upon final termination of this investigation, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made.  Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place. This paragraph shall not apply to the Commission, including its investigative attorney, and the Administrative Law Judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy such material (including electronic media containing such information) in its possession which it regards as surplusage.

Notwithstanding the above paragraph, confidential business information may be transmitted to a district court pursuant to Commission Rule 210.5(c).

15.     If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to this investigation, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

16.     Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

17.     The Secretary shall serve a copy of this order upon all parties.

**SO ORDERED.**

Dee Lord
Dee Lord
Administrative Law Judge

9

Attachment A

NONDISCLOSURE AGREEMENT FOR REPORTER/STENOGRAPHER/TRANSLATOR

I, _____ , do solemnly swear or affirm that I will not divulge any

information communicated to me in any confidential portion of the investigation or hearing in

the matter of *Certain Lithium-Ion Battery Cells, Battery Modules, Battery Packs, Components

Thereof, and Products Containing the Same*, Investigation No. 337-TA-1181, except as

permitted in the protective order issued in this case.  I will not directly or indirectly use, or allow

the use of such information for any purpose other than that directly associated with my official

duties in this case.

Further, I will not by direct action, discussion, recommendation, or suggestion to any

person reveal the nature or content of any information communicated during any confidential

portion of the investigation or hearing in this case.

I also affirm that I do not hold any position or official relationship with any of the

participants in said investigation.

I am aware that the unauthorized use or conveyance of information as specified above is a

violation of the Federal Criminal Code and punishable by a fine of up to $10,000, imprisonment

of up to ten (10) years, or both.


Signed

Dated

Firm or affiliation

**CERTAIN LITHIUM-ION BATTERY CELLS, BATTERY**         Inv. No. 337-TA-1181
**MODULES, AND BATTERY PACKS, COMPONENTS**
**THEREOF, AND PRODUCTS CONTAINING THE SAME**

## PUBLIC CERTIFICATE OF SERVICE

I, Lisa R. Barton, hereby certify that the attached **ORDER** has been served upon the
following parties as indicated, on 11/1/2019

Lisa R. Barton, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112
Washington, DC 20436

**On Behalf of Complainants LG Chem, Ltd., LG Chem**
**Michigan, Inc., and Toray Industries, Inc.:**

Michael J. McKeon                      ☐ Via Hand Delivery
**FISH & RICHARDSON P.C.**              ☐ Via Express Delivery
1000 Maine Ave, SW, Suite 1000          ☑ Via First Class Mail
Washington, DC 20024                    ☐ Other:_____

**On Behalf of Respondents SK Battery America, Inc., and**
**SK Innovation Co., Ltd.:**

Blaney Harper                          ☐ Via Hand Delivery
**JONES DAY**                           ☐ Via Express Delivery
51 Louisiana Ave., NW                   ☑ Via First Class Mail
Washington, DC 20001                    ☐ Other:_____

# Exhibit C

**US-BEZIRKSGERICHT**
**FÜR DEN DISTRIKT COLUMBIA**

**In Sachen**

**BESTIMMTE LITHIUM-ION-**
**BATTERIEZELLEN, BATTERIEMODULE,**
**BATTERIESÄTZE, BESTANDTEILE DAVON**
**UND PRODUKTE, DIE DIESE ENTHALTEN**

Zivilklage Az. Sonst. _____

*Ersuchen um internationale Rechtshilfe*
*gemäß dem Haager Übereinkommen vom 18.*
*März 1970 über die Beweisaufnahme in Zivil-*
*oder Handelssachen im Ausland*

**ERSUCHEN UM INTERNATIONALE RECHTSHILFE GEMÄSS DEM HAAGER**
**ÜBEREINKOMMEN ÜBER DIE BEWEISAUFNAHME IN ZIVIL- ODER HANDELSSACHEN**
**IM AUSLAND (28 U.S.C. § 1782)**

AN:    Die Präsidentin des Oberlandesgerichts Düsseldorf Cecilienallee
       3
       40474 Düsseldorf, Deutschland
       Tel.: +49 (211) 4971-0
       Fax: +49 (211) 4971-548
       E-Mail: poststelle@olgduesseldorf.nrw.de

VON:   Der/Die ehrenwerte _____
       United States District Court for the District of Columbia
       333 Constitution Ave., NW
       Washington, D.C. 20001, USA
       Telefon: +1 (202) 354-3080

Das US-amerikanische Bezirksgericht für den Distrikt Columbia übermittelt der zentralen Behörde in Deutschland Grüße und bittet um internationale Rechtshilfe zur Erlangung von Beweismitteln, die in der oben genannten Untersuchung („Untersuchung") verwendet werden sollen. Es wurde uns aufgezeigt, dass ohne die Beweiserhebung bei der Evonik Industries AG mit Sitz in 45128 Essen, Rellinghauser Straße 1-11, Deutschland, die sich in Ihrem Zuständigkeitsbereich befindet, der Gerechtigkeit unter den Parteien nicht vollständig Genüge getan werden kann. In Übereinstimmung mit Artikel 3 des Haager Übereinkommens über die Beweisaufnahme im Ausland in Zivil- oder Handelssachen (28 U.S.C. § 1782) („Haager Übereinkommen") hat der unterzeichnende Antragsteller die Ehre, das folgende Ersuchen vorzubringen:

1

| 1. Sender | Ehrenwerte(r) _____<br>US-amerikanische Bezirksgericht<br>für den Distrikt Columbia<br>333 Constitution Avenue N.W. Washington D.C.<br>20001 USA. |
|---|---|
| 2. Zentrale Behörde des ersuchten Staates | Die Präsidentin des Oberlandesgerichts Düsseldorf<br>Cecilienallee 3<br>40474 Düsseldorf<br>Tel.: +49 (211) 4971-0<br>Fax: +49 (211) 4971-548<br>E-Mail: poststelle@olg-duesseldorf.nrw.de |
| 3. Person, an die das ausgeführte Ersuchen zurückgeschickt werden soll | Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Telefon: +1 202 879 3939<br>E-Mail: SKI-ITC-Service-JD@jonesday.com |
| 4. Angabe des Datums, bis zu dem die ersuchende Behörde um Eingang der Antwort auf das Ersuchen bittet | |
| Datum | Eine Antwort wird bis zum 22. Juni oder so bald wie möglich erbeten, um sicherzustellen, dass die Beweise vor Ablauf der Frist für die Tatsachenfeststellung eingeholt werden können und für die Verhandlung zur Verfügung stehen.  Eine zügige Behandlung dieses Ersuchens ermöglicht es den Parteien, einen für beide Seiten annehmbaren Termin für die Vorlage zu vereinbaren und eine Beeinträchtigung der geschäftlichen oder persönlichen Pläne des Zeugen zu vermeiden. |

| | |
|---|---|
| Grund für die Dringlichkeit | Gemäß Abschnitt 337 des Tariff Act von 1930 in der geänderten Fassung, 19 U.S.C. § 1337, müssen Untersuchungen der Internationalen Handelskommission der Vereinigten Staaten „zum frühestmöglichen Zeitpunkt" zum Abschluss gebracht werden.<br><br>Die erbetene Beweisaufnahme ist eng eingegrenzt, von hoher Relevanz und nicht aufwändig.  Eine zügige Behandlung dieses Ersuchens wird es der zuständigen Behörde ermöglichen, eine fundierte Entscheidung über die Stichhaltigkeit dieser Untersuchung zu treffen. |

In Übereinstimmung mit Artikel 3 des Übereinkommens hat der unterzeichnende Antragsteller die Ehre, das folgende Ersuchen vorzubringen:

| | | |
|---|---|---|
| 5. | a. Ersuchende Justizbehörde (Artikel 3, *a*) | Richter(in) am Bezirksgericht der Vereinigten Staaten<br>U.S. Bezirksgericht für den Distrikt Columbia<br>333 Constitution Ave., N.W.<br>Washington, DC 20001 USA |
| | b. An die zuständige Behörde in (Artikel 3, *a*) | Deutschland |
| | c. Bezeichnungen des Falles und eventuelle Identifikationsnummer | Untersuchung Nr. 337-TA-1181 in Bezug auf bestimmte Lithium-Ionen-Batteriezellen, Batteriemodule, Batteriepakete, deren Komponenten und Produkte, die diese enthalten. |

Namen und Anschriften der Parteien und ihrer Vertreter (einschließlich der Vertreter im ersuchten Staat) (Artikel 3, *b*)

| | | |
|---|---|---|
| 6. d | a. Kläger (Antragsteller) | LG Chem, Ltd. („LGCL" oder „LG Chem"), LG Twin Towers, 128 Yeoui-daero, Yeongdeungpo-gu, Seoul 07336, Republik Korea.<br><br>LG Chem Michigan Inc. („LGCMI"), 1 LG Way, Holland, MI 49423, USA.<br><br>Toray Industries, Inc. („Toray"), Nihonbashi Mitsui Tower, 1-1, Nihonbashi-Muromachi, 2-chrome, Chuo-ku, Tokyo 103-0022, Japan. |

| | | |
|---|---|---|
| | Vertreter | Michael McKeon<br>Lauren Degnan<br>Timothy W. Rife<br>Ralph A. Phillips<br>Daniel A. Tishman<br>Thomas S. Fusco<br>FISH & RICHARDSON P.C.<br>1000 Maine Ave., SW<br>Suite 1000<br>Washington, DC 20024, USA<br>Telefon: +1 (202) 783-5070<br>Fax: +1 (202) 783-2331<br><br>Leeron G. Kalay<br>FISH & RICHARDSON P.C.<br>500 Arguello St., Suite 500<br>Redwood City, CA 94063<br>Telefon: +1 (650) 839-5070 |
| | b. Beklagte (Antragsgegner) | SK Innovation Co., Ltd. („SKIC"),26 Jongno-gu,<br>Jongno-gu, Seoul 03188, Republik Korea<br><br>SK Battery America, Inc. („SKBA"), 201 17th<br>Street NW, Suite 1700, Atlanta, GA 30363, USA. |
| | Vertreter | Blaney Harper<br>Vishal V. Khatri<br>Yury Kalish<br>Alex K. Chung<br>Jihong Lou<br>Edwin Garcia<br>Yang Li<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Telefon: +1 202 879 3939<br>E-Mail: SKI-ITC-Service-JD@jonesday.com<br><br>Yeah-Sil Moon<br>Gasper J. LaRosa<br>Stuart W. Yothers<br>JONES DAY<br>250 Vesey Street<br>New York, New York 10281, USA<br>Telefon: +1 212 326 3939 |

| | | |
|---|---|---|
| | | Anthony M. Insogna<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121, USA<br>Telefon: +1 858 314 1200<br><br>David B. Cochran<br>Kaitlin Crowder<br>JONES DAY<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114, USA<br>Telefon: +1 216 586 3939 |
| | c. Andere Parteien | |
| 7. Art des Verfahrens | | Dies ist ein Verfahren, das von der Internationalen Handelskommission der Vereinigten Staaten gemäß Abschnitt 337 des Tariff Act von 1930 in der geänderten Fassung, 19 U.S.C. § 1337, auf der Basis einer Klage seitens LG Chem, Ltd. („LGCL" oder „LG Chem"), LG Chem Michigan Inc. („LGCMI"), und Toray Industries, Inc. („Toray") (gemeinsam die „Kläger"), eingereicht am 26. September 2019, durchgeführt wird.<br><br>Die Kläger behaupten, dass SK Innovation Co., Ltd. („SKIC") und SK Battery America, Inc. („SKBA") (gemeinsam die „Beklagten") die US-Patente Nr. 7.662.517 (das „'517-Patent"), 7.638.241 (das „'241-Patent"), 7.709.152 (das „'152-Patent") und 7.771.877 (das „'877-Patent") (gemeinsam die „geltend gemachten Patente") verletzen.<br>Die geltend gemachte Verletzung ergibt sich aus der Einfuhr bestimmter Lithium-Ionen-Batteriezellen, Batteriemodule, Batteriepakete, Komponenten davon (einschließlich Batterieseparatoren und pulverförmiges aktives Elektrodenmaterial) und von Fahrzeugen, die diese enthalten. |

| | | |
|---|---|---|
| | | Die Internationale Handelskommission leitete aufgrund der Behauptungen der Kläger ein Verfahren ein. Nach der Einleitung des Verfahrens wurde der Fall dem Verwaltungsrichter (Administrative Law Judge) Dee Lord zugewiesen, der den Vorsitz in vorgerichtlichen Angelegenheiten führte, ein Verfahren durchführte und eine erste Entscheidung in der Sache traf.<br><br>Die Beklagten weisen die Ansprüche der Kläger mit der Begründung der Nichtverletzung und Nichtigkeit der Patente zurück. |
| 8. | a. Zu erlangende Beweise oder andere zu erbringende gerichtliche Leistungen (Artikel 3, *d*) | Es wird höflichst darum gebeten, dass die zentrale Behörde in Deutschland Evonik Industries AG („Evonik") anweist, Kopien von Dokumenten und anderen Objekten, wie in Anhang A beschrieben, anzufertigen. Insbesondere wird Evonik aufgefordert, alle Informationen, die für die Geschäfte mit den Unternehmen Degussa AG und LG Chem in den Jahren 2002 bis 2006 relevant sind und sich auf Separatoren für Lithium-Ionen-Batterien beziehen, vorzulegen.<br><br>Es wird zusätzlich darum gebeten, dass die zentrale Behörde in Deutschland Evonik anweist, Aussagen zu den in Anhang A aufgeführten Themen für das Parteivernehmen vorzulegen. Insbesondere Aussagen zu den Geschäften mit der Degussa AG und LG Chem im oder um den Zeitraum 2002 bis 2006, die sich auf Separatoren für Lithium-Ionen-Batterien beziehen. |
| | b. Zweck der Beweise oder der gerichtlich ersuchten Handlung | Die angeforderten Dokumente werden wichtige Beweise in Bezug auf den Stand der Technik und die Verteidigung wegen Nichtigkeit im Zusammenhang mit den geltend gemachten Patenten liefern, die dringend benötigt werden, wenn die Internationale Handelskommission mit der Untersuchung fortfährt. |
| 9. Identität und Adresse jeder zu untersuchenden Person (Artikel 3, *e*) | | Evonik Industries AG<br>Rellinghauser Straße 1-11<br>45128 Essen<br>Deutschland |

| | |
|---|---|
| 10. Fragen, die den zu vernehmenden Personen zu stellen sind, oder Darlegung des Gegenstands, über den sie vernommen werden sollen (Artikel 3, *f*) | Die Themen der in Anhang A aufgeführten Fragen für die Parteivernehmung. |
| 11. Dokumente oder andere Gegenstände, die eingesehen werden sollen (Artikel 3, *g*) | Die einzusehenden Dokumente oder sonstigen Gegenstände sind in Anhang A aufgeführt:<br><br>1) Absichtserklärung (Memorandum of Understanding, „MOU") zwischen Degussa und LG Chem, unterzeichnet im Zeitrahmen 2002-2004 in Bezug auf Separatoren für Lithium-Ionen-Batterien.<br><br>2) Gemeinschaftsentwicklungsvereinbarung (Joint Development Agreement, „JDA") zwischen Degussa und LG Chem, die im Zeitraum von 2003 bis 2005 unterzeichnet wurde und sich auf Separatoren für Lithium-Ionen-Batterien bezieht.<br><br>3) Dokumente, die sich auf Treffen zwischen Degussa und LG Chem im Zeitrahmen 2002-2006 beziehen und Separatoren für Lithium-Ionen-Batterien betreffen, einschließlich Teilnehmerlisten, Tagesordnungen, Sitzungsprotokolle oder andere diesbezügliche Notizen.<br><br>4) Jegliche Muster von Degussa-Separatoren, einschließlich Separion-Separatoren, die LG Chem im Zeitraum 2002-2006 von Degussa zur Verfügung gestellt wurden, oder diesbezügliche Dokumente, einschließlich Testverfahren oder -ergebnisse.<br><br>5) Alle Mitteilungen zwischen Degussa und LG Chem im Zeitrahmen 2002-2006, die sich auf Separatoren für Lithium-Ionen-Batterien beziehen. |
| 12. Jegliche Anforderung, dass die Beweise unter Eid oder durch eidesgleiche Bekräftigung erbracht werden müssen, und jede besondere Form, die zu verwenden ist (Artikel 3, *h*) | Es wird respektvoll darum gebeten, dass die zentrale Behörde in Deutschland anordnet, dass der Zeuge gemäß den in Deutschland geltenden Verfahren ordnungsgemäß vereidigt wird und dass die Zeugenaussage von einem qualifizierten Gerichtsreporter und Videofilmer, die von den Beklagten beigebracht werden, aufgenommen und transkribiert wird.<br>Es wird höflichst darum gebeten, dass ein qualifizierter Evonik-Vertreter unter Eid oder eidesgleicher Bekräftigung vernommen wird, oder hilfsweise, dass dieser Vertreter über die |

| | Folgen der Angabe unwahrer und falscher Antworten nach deutschem Recht belehrt wird. |
|---|---|
| 13. Besondere Methoden oder Verfahren, die zu befolgen sind (Artikel 3, *i* und 9) | Für den Fall, dass ein durch diese Ersuchen angefordertes Dokument aufgrund eines anwendbaren Vorrechts ganz oder teilweise zurückgehalten wird, wird darum gebeten, dass Evonik ein Vorrechtsprotokoll zur Verfügung stellt, das jedes Dokument, für das ein Vorrecht beansprucht wird, benennt und in Bezug auf jedes Dokument die folgenden Informationen enthält:<br>(a) das Datum, an dem das Dokument erstellt und zuletzt geändert wurde;<br>(b) den Gegenstand des Dokuments;<br>(c) die Person(en), die das Dokument erstellt hat (haben);<br>(d) alle Personen, an die das Dokument weitergegeben bzw. denen es gezeigt oder erklärt wurde;<br>(e) der gegenwärtige Verwahrer des Dokuments; und<br>(f) die Art des geltend gemachten Vorrechts.<br><br>Es wird darum gebeten, dass: (1) es den Vertretern der Parteien oder ihren Beauftragten, Dolmetschern und einem Stenographen gestattet wird, bei der Vernehmung anwesend zu sein; (2) alle Personen mit Ausnahme des Justizbeamten, der die Vernehmung des Vertreters von Evonik durchführt, der Anwälte der Parteien, des Stenographen, der Dolmetscher und anderer Beamter des deutschen Gerichts, die normalerweise während solcher Verfahren anwesend sind, von der Vernehmung ausgeschlossen werden, sofern dies nach deutschem Recht zulässig ist<br>(3) es einem Stenographen gestattet wird, die Vernehmung des Vertreters von Evonik wortwörtlich festzuhalten, und (4) es den Vertretern oder ihren Beauftragten gestattet wird, dem Vertreter von Evonik nach Beantwortung<br>der in Anhang A aufgeführten Fragen und Themen zusätzliche Fragen zur Vorlage beim Vertreter von Evonik zu übergeben. |

| | |
|---|---|
| 14. Ersuchen um Mitteilung des Zeitpunkts und des Ortes für die Ausführung des Ersuchens sowie der Identität und der Anschrift der zu benachrichtigenden Person (Artikel 7) | Es wird darum gebeten, den unten genannten Personen so bald wie möglich eine Kopie des ausgefertigten Ersuchens zukommen zu lassen.<br><br>Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Telefon: +1 202 879 3939<br>E-Mail: SKI-ITC-Service-JD@jonesday.com |
| 15. Ersuchen um Anwesenheit oder Teilnahme von Justizpersonal der ersuchenden Behörde bei der Ausführung des Ersuchens (Artikel 8). | Keine |
| 16. Konkretisierung des Vorrechts oder der Pflicht zur Aussageverweigerung nach dem Recht des Ursprungsstaats (Artikel 11, *b*) | Der Zeuge oder der Vormund kann die Aussage nur insoweit verweigern, als er oder sie nach den Gesetzen Deutschlands oder der Vereinigten Staaten ein Vorrecht oder die Pflicht hat, die Aussage zu verweigern. |
| 17. Die anfallenden Gebühren und Kosten, die gemäß Artikel 14 Absatz 2 oder gemäß Artikel 26 des Übereinkommens erstattungsfähig sind, werden getragen von | SK Innovation Co., Ltd. („SKIC") und SK Battery America, Inc. („SKBA")<br><br>Vertreten durch:<br>Blaney Harper<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>Telefon: +1 202 879 3939<br>E-Mail: SKI-ITC-Service-JD@jonesday.com |
| Datum des Ersuchens | |
| Unterschrift und Siegel der ersuchenden Behörde | Richter am US-amerikanischen Bezirksgericht U.S. Bezirksgericht für den Distrikt Columbia |
| Anhang A: Von Evonik Industries AG vorzulegende Dokumente oder andere Gegenstände und Themen für die Zeugenvernehmung unter Eid der Evonik Industries AG<br>Anhang B: Sicherungsverfügung | |

# Attach. A

## ANHANG A:

## VON EVONIK INDUSTRIES AG VORZULEGENDE DOKUMENTE ODER ANDERE GEGENSTÄNDE UND THEMEN FÜR DIE ZEUGENVERNEHMUNG UNTER EID DER EVONIK INDUSTRIES AG

## DEFINITIONEN

In den nachstehenden Dokumentenersuchen („Ersuchen") gelten die folgenden Definitionen. Diese Definitionen gelten für alle Ersuchen, unabhängig davon, ob Groß- oder Kleinbuchstaben verwendet werden.

1.      „Sie", „Ihr", „Evonik" oder „Degussa" bezeichnet die Evonik Industries AG oder die Degussa AG.

2.      „Kläger" bezeichnet einige oder alle Kläger, LG Chem, Ltd., LG Chem Michigan Inc. und Toray Industries, Inc, und ihre (i) gegenwärtigen oder früheren Direktoren, leitenden Angestellten, Mitarbeiter, Agenten, Vertreter, Buchhalter, Ermittler, Berater, Rechtsanwälte und Vorgänger oder Rechtsnachfolger sowie alle Mutter-, Tochter- oder verbundenen Unternehmen; (ii) alle anderen natürlichen oder juristischen Personen, die im Namen der Kläger handeln oder in deren Namen die Kläger gehandelt haben; (iii) und jede andere natürliche oder juristische Person, die vertraglich oder anderweitig verpflichtet ist, mit den Klägern Sachverhalte in Bezug auf die geltend gemachten Patente, deren Vorgeschichte oder diese Untersuchung zu kommunizieren oder Dokumente zur Verfügung zu stellen; und (iv) jede andere natürliche oder juristische Person, die anderweitig der Kontrolle der Kläger unterliegt oder die die Kläger kontrolliert oder mit der die Kläger unter gemeinsamer Kontrolle stehen.

3.      „Beklagte" oder „SKI" bezeichnet einen Teil oder die Gesamtheit von SK Innovation Co., Ltd. und SK Battery America, Inc.

4.      „Geltend gemachte Patente" bezeichnet die US-Patente Nr. 7.662.517 (das „'517-Patent"), 7.638.241 (das „'241-Patent"), 7.709.152 (das „'152-Patent") und 7.771.877 (das „'877-Patent").

5.      Zum „Stand der Technik" gehören alle Dokumente, Ereignisse, Sachen oder Gegenstände der Art, wie sie in 35 U.S.C. § 102 oder § 103 festgelegt oder unter diesen Bestimmungen relevant sind.

6.   Unter „Sache" sind beispielsweise, aber nicht ausschließlich, alle Disketten, Bänder oder andere elektronische Speichermedien, alle Produkte und alle Modelle, Prototypen oder Versuchsvorrichtungen oder Teile oder Baugruppen davon zu verstehen.

7.   „Kommunikation" bezeichnet jede Art und Weise oder Methode der Offenlegung, der Übertragung oder des Austauschs von Informationen, unabhängig davon, ob mündlich, elektronisch oder in Papierform, ob persönlich oder per Telefon, Post, Fax, E-Mail, Internet oder auf andere Weise.

8.   „Dokument" umfasst Mitteilungen, Sachen und Dokumente in jeder Form, einschließlich elektronisch gespeicherter Dokumente. Jeder Kommentar oder Vermerk, der in einem Dokument erscheint und nicht Teil des Originaltextes ist, ist als separates „Dokument" zu betrachten.

9.   „Datum" bezeichnet den genauen Tag, den Monat und das Jahr, falls feststellbar, oder, falls nicht, die beste Annäherung des Klägers daran.

10.   „Person" bezieht sich sowohl auf eine natürliche als auch auf eine juristische Person, wie z. B. eine Organisation, Firma, Körperschaft oder eine andere juristische Person. Die Handlungen „einer Person" werden so definiert, dass sie die Handlungen von Direktoren, leitenden Angestellten, Mitgliedern, Angestellten, Bevollmächtigten oder Anwälten umfassen, die im Namen der Person handeln.

11.   „Bezüglich" bedeutet hinsichtlich, Bezug nehmend auf, betreffend, erwähnend, reflektierend, sich darauf beziehend, analysierend, beweisend, feststellend, involvierend, identifizierend, beschreibend, diskutierend, dokumentierend, kommentierend, behandelnd, verkörpernd, antwortend, unterstützend, widersprüchlich, umfassend, beinhaltend oder konstituierend (ganz oder teilweise), wie es der Kontext erfordert.

12.   „Identifizieren" oder die „Identität" oder „Identifizierung" einer Person, die eine natürliche Person ist, bedeutet, Folgendes für diese Person anzugeben: den vollständigen Namen der Person, die gegenwärtige oder letzte bekannte Adresse, die gegenwärtige oder letzte bekannte Telefonnummer, den gegenwärtigen oder letzten bekannten Arbeitgeber und die Adresse dieses Arbeitgebers sowie die gegenwärtige oder letzte bekannte Berufsbezeichnung.

13.    „Identifizieren" oder die „Identität" oder „Identifizierung" einer Person angeben, die eine juristische Person ist, bedeutet für diese juristische Person Folgendes anzugeben: den vollständigen Namen der juristischen Person, die gegenwärtige oder letzte bekannte Adresse, die gegenwärtige oder letzte bekannte Telefonnummer, alle bekannten Namen, unter denen die juristische Person in der Vergangenheit tätig war, und alle bekannten Adressen, unter denen die juristische Person in der Vergangenheit Geschäfte getätigt hat.

14.    Ein Dokument oder eine Sache zu „identifizieren" oder die „Identität" oder „Identifizierung" eines Dokuments oder einer Sache anzugeben, bedeutet Folgendes:

a.   Eine kurze Beschreibung eines solchen Dokuments oder einer solchen Sache bereitzustellen, die ausreicht, um eine Aufforderung zur Vorlage zu unterstützen;

b.   Die Angabe des Ortes, an dem das Dokument oder die Sache eingesehen werden kann; und

c.   Wenn eine Kopie des Dokuments oder der Sache bereits zuvor geliefert wurde, ist dies anzugeben und die zuvor gelieferte Kopie durch Bezugnahme auf die Bates-Nummer(n) oder andere identifizierende Informationen wie die Nummer des Rechtsstreits zu kennzeichnen.

15.    Wie hier verwendet, schließt der Singular immer den Plural ein, das Präsens schließt ebenso das Präteritum ein und umgekehrt.

16.    „Und" und „oder" sind im konjunktiven oder disjunktiven Sinn auszulegen, je nachdem, was das Ersuchen umfassender macht.

## ANWEISUNGEN

Zusätzlich zu den obigen Definitionen gelten die folgenden Anweisungen auch für diese Ersuchen:

1.    Wenn ein Dokument oder die Identifizierung eines Dokuments oder einer mündlichen Mitteilung im Rahmen eines Anspruchs auf ein Vorrecht als Antwort auf ein Ersuchen zurückgehalten wird, müssen Sie innerhalb von zehn (10) Tagen nach Geltendmachung des Anspruchs ausreichende Informationen zur Bestimmung der Identität des Dokuments oder der mündlichen Mitteilung bereitstellen

und die Grundlage für einen geltend gemachten Anspruch auf ein Vorrecht angeben. Insbesondere müssen Sie für jedes bevorrechtigte Dokument oder jede bevorrechtigte Mitteilung Folgendes angeben:

    a.   Das Datum, an dem die Information erstellt oder mitgeteilt wurde;

    b.   Den/die Verfasser oder Sprecher und deren Arbeitgeber und Position(en), einschließlich der Angabe, ob es sich bei jeder Person um einen Rechtsanwalt oder Patentanwalt handelt;

    c.   Alle Empfänger und deren Arbeitgeber und Positionen, einschließlich der Angabe, ob es sich bei jeder Person um einen Rechtsanwalt oder Patentanwalt handelt;

    d.   Den allgemeinen Informationsgegenstand; und

    e.   Die Art des beanspruchten Vorrechts oder Schutzes.

2.    Wenn Sie gegen einen Teil eines Ersuchens Einspruch erheben und die Vorlage von Dokumenten in Beantwortung dieses Teils ablehnen, müssen Sie Ihren Einspruch erklären und Dokumente in Beantwortung aller übrigen Teile des Ersuchens vorlegen. Wenn Sie gegen den Umfang oder den Zeitraum eines Ersuchens Einspruch erheben und die Vorlage von Dokumenten für diesen Umfang oder Zeitraum ablehnen, müssen Sie Ihren Einspruch und den Umfang oder Zeitraum darlegen, den Sie für angemessen halten.

3.    Falls eines der folgenden Ersuchen nicht vollständig beantwortet werden kann, nachdem Sie sich mit gebührender Sorgfalt um die angeforderten Dokumente bemüht haben, geben Sie dies bitte an und antworten Sie, soweit möglich, unter genauer Angabe Ihrer mangelnden Fähigkeit, auf die übrigen Ersuchen zu antworten, und legen Sie alle Dokumente vor, die Sie im Zusammenhang mit dem unbeantworteten Teil besitzen. Falls Ihre Antwort in irgendeiner Weise beschränkt ist, legen Sie bitte die Einzelheiten einer solchen Beschränkung dar.

4.    Wenn ein Dokument, das auf ein Ersuchen antwortet, in einer anderen Sprache als Englisch verfasst ist und eine englische Übersetzung vorliegt, geben Sie beide Dokumente an und stellen Sie sie zur Verfügung.

5.    In diesen Ersuchen wird nach Dokumenten und Sachen gesucht, die zum Zeitpunkt der Zustellung vorhanden sind.

6.      Sie müssen alle Dokumente in Ihrem Besitz, in Ihrem Gewahrsam oder unter Ihrer Kontrolle suchen, unabhängig davon, wo sie sich befinden, einschließlich, aber nicht beschränkt auf alle Dokumente, die sich in Lagereinrichtungen befinden oder im Besitz eines Mitarbeiters, Agenten, Vertreters, Anwalts, Ermittlers oder einer anderen Person sind, die in Ihrem Namen handelt oder vorgibt, in Ihrem Namen zu handeln (unabhängig davon, ob sie sich an ihrem Wohn- oder Geschäftssitz befindet), um die Ersuchen vollständig beantworten zu können.

7.      Sie müssen Dokumente aus einer einzelnen Akte in derselben Reihenfolge vorlegen, in der sie in dieser Akte vorgefunden wurden, einschließlich aller Etiketten, Dateien, Ordner und/oder Container, in denen sich diese Dokumente befinden oder mit denen diese Dokumente verknüpft sind. Wenn anstelle der Originale Kopien von Dokumenten vorgelegt werden, müssen diese Kopien lesbar sein und in der gleichen Weise wie das Original gebunden, geheftet oder getrennt werden.

8.      Wenn Sie nicht jedes Dokument oder jede Sache, die hierin angefordert wird, so wie sie im üblichen Geschäftsverlauf aufbewahrt werden, vorlegen, müssen Sie die Dokumente oder Sachen, die hierin angefordert werden, so organisieren und beschriften, dass sie der jeweiligen Dokumentenanforderung entsprechen, auf die das Dokument oder die Sache eingeht.

9.      Sie müssen alle Dokumente, die ganz oder teilweise auf eines der hierin enthaltenen Ersuchen eingehen, vollständig, ohne Kürzungen, Abkürzungen oder Bereinigungen irgendwelcher Art vorlegen. Wenn solche Dokumente nicht vollständig vorgelegt werden können, legen Sie das Dokument so weit wie möglich vor.

10.     Sie sind verpflichtet, nicht nur das Original oder eine exakte Kopie des Originals aller Dokumente oder Sachen, die auf eines der hierin enthaltenen Ersuchen eingehen, vorzulegen, sondern auch alle Kopien solcher Dokumente oder Sachen, die irgendwelche Anmerkungen oder Markierungen tragen, die nicht auf den Originalen zu finden sind, sowie alle vorläufigen, zwischenzeitlichen, endgültigen und überarbeiteten Entwürfe oder Ausführungsformen solcher Dokumente oder Sachen. Sie sind außerdem verpflichtet, alle Versionen der angeforderten Dokumente, die auf einem Computer gespeichert sind, sei es intern, auf Diskette, auf CD-ROM oder auf Band, vorzulegen.

11.     Falls sich eines der hierin angeforderten Dokumente nicht mehr in Ihrem Besitz, in Ihrem

Gewahrsam oder unter Ihrer Kontrolle befindet, werden Sie aufgefordert, jedes dieser angeforderten Dokumente nach Datum, Art des Dokuments, Person(en), von der/denen es abgeschickt wurde(n), Person(en), an die es abgeschickt wurde(n) und Person(en), die Kopien erhält (erhalten), zu identifizieren und eine Zusammenfassung seines/ihres entsprechenden Inhalts vorzulegen.

12.    Wenn ein Dokument, das auf diese Ersuchen eingeht, vernichtet worden ist, beschreiben Sie den Inhalt des Dokuments, den Ort, an dem sich Kopien des Dokuments befinden, das Datum der Vernichtung und den Namen der Person, die die Vernichtung angeordnet oder genehmigt hat.

13.    Elektronisches und EDV-gestütztes Material muss in einem verständlichen Format oder zusammen mit einer Beschreibung des Systems, von dem es abgeleitet wurde, erstellt werden. Diese Beschreibung muss ausreichen, um eine verständliche Einreichung des Materials zu ermöglichen.

14.    Wenn Sie ein Dokument, das auf diese Ersuchen eingeht, aus Gründen des Vorrechts oder der Immunität vor Entdeckung ganz oder teilweise zurückhalten, müssen Sie für jedes zurückgehaltene Dokument ein Protokoll vorlegen, in dem Folgendes beschrieben wird:

      a.    das Format des Dokuments (z. B. E-Mail, Memorandum, Präsentation);

      b.    den Titel des Dokuments;

      c.    der Autor oder die Autoren des Dokuments;

      d.    alle und jeden Empfänger des Dokuments;

      e.    das Datum, an dem das Dokument erstellt wurde;

      f.    der Gegenstand der zurückgehaltenen Angelegenheit;

      g.    das Vorrecht oder die Immunität, das/die geltend gemacht wird; und

      h.    die vollständige Rechtfertigung für die Anwendung dieses Vorrechts oder dieser Immunität.

### ERSUCHEN AUF VORLAGE

Bitte legen Sie die nachfolgend beschriebenen Dokumente und Sachen, die sich in Ihrem Besitz, in Ihrem Gewahrsam oder unter Ihrer Kontrolle befinden, vor oder lassen Sie sie einsehen und kopieren:

1.  Alle Dokumente und Sachen, die sich auf die Geschäfte mit Degussa und LG Chem, Ltd. im Zeitraum zwischen 2002 und 2007 in Bezug auf Separatoren für Lithium-Ionen-Batterien beziehen.

2.  Absichtserklärung (Memorandum of Understanding, „MOU") zwischen Degussa und LG Chem, Ltd., unterzeichnet in den Jahren 2002 bis 2004 für Separatoren für Lithium-Ionen-Batterien.

3.  Gemeinschaftsentwicklungsvereinbarung (Joint Development Agreement, „JDA") zwischen Degussa und LG Chem, Ltd. unterzeichnet 2003 bis 2005 in Bezug auf Separatoren für Lithium-Ionen-Batterien.

4.  Dokumente im Zusammenhang mit Treffen zwischen Degussa und LG Chem, Ltd. in den Jahren 2002 bis 2006, die sich auf Separatoren für Lithium-Ionen-Batterien bezogen, einschließlich Teilnehmerlisten, Tagesordnungen, Sitzungsprotokolle oder andere diesbezügliche Aufzeichnungen.

5.  Jegliche Muster von Degussa-Separatoren, einschließlich Separion-Separatoren, die von Degussa im Zeitraum 2002 bis 2006 an LG Chem, Ltd. geliefert wurden, oder diesbezügliche Dokumente, einschließlich jeglicher Testverfahren oder Ergebnisse.

6.  Alle Mitteilungen zwischen Degussa und LG Chem, Ltd. im Zeitraum 2002 bis 2006, die sich auf Separatoren für Lithium-Ionen-Batterien bezogen.

## FRAGEN UND ZU BEFRAGENDE THEMEN

1.  Die Fakten und Umstände, die die Geschäfte von Degussa und LG Chem, Ltd. zwischen 2002 und 2007 beschreiben, in Bezug auf Separatoren für Lithium-Ionen-Batterien.

2.  Die Entwicklung, das Design, das Prüfen, die Spezifikation, der Betrieb, das Protokoll, die Bewertung, die Konfiguration, die Diagnose oder jede damit zusammenhängende Verwendung von Separatoren für Lithium-Ionen-Batterien zwischen 2002 bis 2007 oder Komponenten, die solche Separatoren betreffen.

3.  Informationen über die Entwicklung, den Entwurf, die Prüfung, die Spezifikation, den Betrieb, das Protokoll, die Bewertung, die Konfiguration, die Diagnose oder jede damit zusammenhängende Verwendung von Separatoren für Lithium-Ionen-Batterien zwischen 2002 und 2007 oder von Komponenten, die solche Separatoren betreffen.

4.      Der Umfang, in dem Degussa zwischen 2002 und 2007 Informationen, Muster oder andere Dokumente an LG Chem, Ltd. bezüglich Separatoren für Lithium-Ionen-Batterien oder Komponenten, die sich auf diese beziehen, geliefert hat.

5.      Ob alle Dokumente, die als Antwort auf das Vorlageersuchen vorgelegt wurden, wahrheitsgetreue und genaue Kopien sind.


TRANSPERFECT

I, John Liebl, declare as follows:

1.      I am over eighteen years of age and fully competent to make this affidavit. I have personal knowledge of the information contained in this affidavit, and it is true and accurate to the best of my knowledge.

2.      I am a translator fluent in the English and German languages. I provide this affidavit on behalf of TransPerfect.

3.      I reviewed the English original and German translation of Exhibit B (Letter of Request) to Respondents Memo ISO Motion Letters of Request (Evonik) attached hereto. The German translation is a true and accurate translation of Exhibit B (Letter of Request) to Respondents Memo ISO Motion Letters of Request (Evonik).

I declare under penalty of perjury of the laws of the United States of America that the foregoing information is true and accurate to the best of my knowledge. I understand that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. § 1001) and may jeopardize the validity of the application or any patent issuing thereon.

Executed May 25, 2020, in Munich, Germany.

_____
Signature of John Liebl

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 7TH FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |
WWW.TRANSPERFECT.COM OFFICES IN 90 CITIES WORLDWIDE

# Attach. B

**KOMMISSION DER VEREINIGTEN STAATEN VON AMERIKA FÜR**

**INTERNATIONALEN HANDEL**

**Washington, D.C.**

| | |
|---|---|
| **In Sachen**<br><br>**BESTIMMTE LITHIUM-ION-BATTERIEZELLEN, BATTERIEMODULE, BATTERIESÄTZE, BESTANDTEILE DAVON UND PRODUKTE, DIE DIESE ENTHALTEN** | **Ermittlung Nr. 337-TA-1181** |

**VERFÜGUNG NR. 1:     SICHERUNGSVERFÜGUNG**

(1. November 2019)

DA die Parteien im vorbezeichneten Verfahren voneinander und untereinander möglicherweise Schriftstücke und Informationen verlangen, vorlegen oder einreichen werden und sich diese Materialien auf Geschäftsgeheimnisse oder sonstige vertrauliche Forschungs-, Entwicklungs- und kommerzielle Informationen im Sinne der Vorschriften der Kommission beziehen werden, 19 C.F.R. [US-Bundesgesetzessammlung] § 210.5,

WIRD HIERMIT WIE FOLGT VERFÜGT:

1.     Vertrauliche Geschäftsinformationen sind Informationen, die sich auf Geschäftsgeheimnisse, Verfahren, Abläufe, Arbeitsstil oder Arbeitsgeräte oder auf die Produktion, den Verkauf, den Versand, den Einkauf, die Übertragung, die Identifizierung von Kunden, Inventare, die Höhe oder Quelle von Einkommen, Gewinnen, Verlusten oder Aufwendungen einer Person, eines Unternehmens, einer Personen- oder Kapitalgesellschaft oder einer sonstigen Organisation oder auf sonstige Informationen von kommerziellem Wert beziehen oder sie betreffen, sofern ihre Offenlegung wahrscheinlich zur Folge hat, dass entweder (i) die

Kommission darin beschränkt wird, die Informationen einzuholen, die zur Ausführung ihrer

gesetzlichen Aufgaben erforderlich sind, oder (ii) die Wettbewerbsposition der Person, des

Unternehmens, der Personen- oder Kapitalgesellschaft oder einer sonstigen Organisation, von

der die Informationen erlangt wurden, erheblich geschädigt wird. Der Begriff „vertrauliche

Geschäftsinformationen" beinhaltet „geschützte Informationen" im Sinne des § 777(b) des US-

Tarifgesetzes von 1930 (19 U.S.C. [US-Gesetzbuch] § 1677f(b)).

     2(a).    Alle Informationen, die bei diesen Ermittlungen während der Beweisführung vor

der Verhandlung in einem Schriftsatz, Antrag oder einer Erwiderung auf einen Antrag

eingereicht werden, ob freiwillig oder in Folge einer Anordnung, und die nach Angaben der

auskunftsgebenden Partei vertrauliche Geschäftsinformationen enthalten oder darstellen, müssen

von der auskunftsgebenden Partei entsprechend schriftlich oder mündlich bei einer Aussage,

Sitzung oder Verhandlung bezeichnet werden und von sonstigen eingereichten Informationen

getrennt werden. Schriftstücke müssen auf der Vorderseite eindeutig und sichtbar wie folgt

gekennzeichnet werden: „VERTRAULICHE GESCHÄFTSINFORMATIONEN GEMÄSS

SICHERUNGSVERFÜGUNG" oder mit einem entsprechenden Hinweis. Diese Informationen

werden, ob sie schriftlich oder im Wege einer mündlichen Zeugenaussage eingereicht werden,

gemäß den Bestimmungen dieser Sicherungsverfügung behandelt werden.

     (b).    Der Verwaltungsrichter oder die Kommission können vor, während oder nach

Abschluss einer Verhandlung in diesem Verfahren entscheiden, dass die angeblich vertraulichen

Informationen nicht vertraulich sind oder dass ihre Offenlegung für die angemessene

Verfahrensführung erforderlich ist. Trifft der Verwaltungsrichter oder die Kommission eine

solche Entscheidung, muss der Person, die die Informationen eingereicht hat, Gelegenheit

gegeben werden, die Vertraulichkeit der Informationen zu erörtern, bevor der Beschluss erlassen wird.

3.       Ohne schriftliche Erlaubnis der auskunftsgebenden Partei oder Verfügung der Kommission oder des Verwaltungsrichters dürfen vertrauliche Schriftstücke oder Geschäftsinformationen, die gemäß den Bestimmungen des vorstehenden Absatzes 2 eingereicht wurden, nicht gegenüber einer anderen Person offengelegt werden außer: (i) einem externen Rechtsanwalt der Parteien in dieser Ermittlung, einschließlich des notwendigen Sekretariats- und Hilfspersonals des Rechtsanwalts, (ii) qualifizierten Personen, die Aussagen aufnehmen, die derartige Schriftstücke oder Informationen umfassen, und ihrem notwendigen Stenografie- und Büropersonal, (iii) technischen Sachverständigen und ihren Mitarbeitern, die für die Zwecke dieses Rechtsstreits beauftragt werden, (es sei denn, sie werden anderweitig von einer nicht staatlichen Partei beauftragt oder sind Rechtsanwälte oder auf sonstige Weise mit einer nicht staatlichen Partei verbunden oder sie sind Mitarbeiter eines in- oder ausländischen Herstellers, Großhändlers, Einzelhändlers oder Vertriebshändlers der Produkte, Geräte oder Bestandteile, die Gegenstand dieser Ermittlung sind), (iv) der Kommission, dem Verwaltungsrichter, den Mitarbeitern der Kommission und dem Personal einer staatlichen Behörde, die von der Kommission autorisiert werden, (v) der Kommission, ihren Mitarbeitern und befristeten Mitarbeitern, die als Mitarbeiter der Kommission tätig sind, für die Entwicklung oder Aufbewahrung von Unterlagen dieser Ermittlung oder verbundener Verfahren, für die diese Informationen eingereicht werden, oder bei internen Prüfungen und Ermittlungen in Bezug auf die Programme und Tätigkeiten der Kommission gemäß 5 U.S.C. [US-Gesetzbuch], Anhang 3,

und (vi) von Beamten und befristetem Personal der US-Regierung ausschließlich für Netzsicherheitszwecke.[1]

4.      Vertrauliche Geschäftsinformationen, die gemäß den Bestimmungen des vorstehenden Absatzes 2 eingereicht werden, dürfen keiner in Absatz 3(i)[2] und (iii) erwähnten Person zur Verfügung gestellt werden, sofern sie nicht zuerst diese Verfügung gelesen hat und sich mittels eines bei dem Sekretär dieser Kommission eingereichten Schreibens damit einverstanden erklärt hat: (i) an die Bedingungen dieser Verfügung gebunden zu sein, (ii) die vertraulichen Geschäftsinformationen gegenüber keinem anderen außer einer anderen, in Absatz 3 erwähnten Person zu offenbaren, (iii) die vertraulichen Geschäftsinformationen nur für die Zwecke dieser Ermittlung zu nutzen und (iv) einschließlich folgender Bestätigung:

> Ich, der/die Unterzeichnende, bestätige, dass die Informationen, die folgend auf dieses Auskunftsersuchen und in dieser gesamten Ermittlung oder einem sonstigen Verfahren eingereicht werden, offengelegt und verwendet werden können:
>
> (i) von der Kommission, ihren Mitarbeitern und Geschäftsstellen und dem befristeten Personal (a) zur Entwicklung oder Aufbewahrung von Unterlagen in diesem oder einem verbundenen Verfahren oder (b) bei internen Ermittlungen, Prüfungen, Überprüfungen und Bewertungen in Bezug auf die Programme, das Personal und die Tätigkeiten der Kommission, einschließlich gemäß 5 U.S.C. [US-Gesetzbuch], Anhang 3, oder
>
> (ii) von Beamten oder befristetem Personal der US-Regierung ausschließlich für Netzsicherheitszwecke. Mir ist bewusst, dass alle befristeten Mitarbeiter angemessene Geheimhaltungsvereinbarungen unterzeichnen werden.

5.      Verfügt die Kommission oder der Verwaltungsrichter oder erklären sich die auskunftsgebende Partei und alle Parteien der Ermittlung damit einverstanden, dass der Zugriff oder die Weitergabe von Informationen, die als vertrauliche Geschäftsinformationen eingereicht wurden, an Personen erfolgen soll, die nicht im vorstehenden Absatz 3 erfasst sind, werden die

---

[1] *Siehe* Verwaltungsverfügung der Kommission 16-01 (7. Nov. 2015).
[2] Das notwendige Sekretariats- und Hilfspersonal des Rechtsanwalts muss auf der Sicherungsverfügung nicht selbst unterschreiben, da es durch die Unterschrift des Rechtsanwalts auf der Sicherungsverfügung abgedeckt ist.

Informationen für diese Personen nur unter den Bedingungen und mit den Pflichten, die sich aus dieser Verfügung ergeben, verfügbar sein und an sie weitergegeben werden und es wird angenommen, dass diese Personen diesen unterliegen, es sei denn, die Kommission oder der Verwaltungsrichter entscheiden, dass die Informationen keine vertraulichen Geschäftsinformationen im Sinne von Absatz 1 dieser Verfügung sind.

6(a).    Vertrauliche Geschäftsinformationen, die in Zusammenhang mit einem Antrag oder einem sonstigen Verfahren im Rahmen dieser Ermittlung bei der Kommission oder dem Verwaltungsrichter eingereicht werden, werden gemäß dem obigen Absatz 2 versiegelt eingereicht. Jeglicher Teil eines mit dieser Ermittlung zusammenhängenden Protokolls, das vertrauliche Geschäftsinformationen enthält, die gemäß dem vorstehenden Absatz 2 eingereicht wurden, wird getrennt gebunden und versiegelt archiviert. Sind in einem genehmigten Protokoll über eine Aussage oder in seinen Anhängen vertrauliche Geschäftsinformationen enthalten, die gemäß dem vorstehenden Absatz 2 eingereicht wurden, müssen von dem gerichtlichen Berichterstatter, der die Aussage aufnimmt, Vorkehrungen getroffen werden, damit die vertraulichen Teile gebunden werden und getrennt als „VERTRAULICHE GESCHÄFTSINFORMATIONEN GEMÄSS SICHERUNGSVERFÜGUNG" gekennzeichnet werden. Bevor ein gerichtlicher Berichterstatter oder Übersetzer solche Informationen erhält, muss er sich diese Verfügung zuerst durchlesen und sich schriftlich damit einverstanden erklären, an die Bedingungen dieser Verfügung gebunden zu sein. Hilfsweise muss er die Vereinbarung unterschreiben, die als Anhang A hieran angehängt wird.

Abschriften der unterzeichneten Vereinbarung müssen der Person, die die vertraulichen Geschäftsinformationen eingereicht hat, und dem Sekretär der Kommission bereitgestellt werden.

(b)      Personen, die vertrauliche Geschäftsinformationen bereitstellen, wird dringend empfohlen, nicht öffentliche Schriftstücke, die elektronisch an die Kommission übermittelt werden, zu verschlüsseln, damit Ihre personenbezogenen Daten vor unbefugter Offenlegung geschützt sind. Das sichere Drop-Box-System USITC und das elektronische Dokumentinformationssystem (Electronic Document Information System, EDIS) verwenden kryptografische Algorithmen nach den US-Bundesstandards für Informationsverarbeitung (Federal Information Processing Standards, FIPS) 140-2, um Daten während der Übermittlung zu verschlüsseln. Die Übermittlung Ihrer nicht öffentlichen Schriftstücke mit einer Methode, die diese Verschlüsselungsalgorithmen nicht anwendet, (wie per E-Mail) kann zur Folge haben, dass nicht öffentliche Informationen Ihres Unternehmens während der Übermittlung einer unbefugten Offenlegung ausgesetzt werden. Sollten Sie sich für eine unverschlüsselte Methode der elektronischen Übermittlung entscheiden, weist die Kommission Sie darauf hin, dass das Risiko der möglichen unbefugten Offenlegung von Ihnen und nicht von der Kommission übernommen wird.

7.      Die Beschränkungen und Pflichten, die für Personen gelten, auf die diese Verfügung Anwendung findet, gelten nicht für Informationen, die gemäß dem vorstehenden Absatz 2 eingereicht werden und in Bezug auf die die Person, die den vertraulichen Status der Informationen geltend macht, schriftlich angibt oder die Kommission oder der Verwaltungsrichter nach Gelegenheit zur Anhörung entscheidet, dass sie allgemein bekannt waren, als sie der empfangenden Partei bereitgestellt wurden, oder seitdem allgemein bekannt geworden sind, ohne dass dies auf ein Verschulden der empfangenden Partei zurückzuführen ist.

8.      Die Kommission, der Verwaltungsrichter und der Ermittler der Kommission bestätigen, dass alle Schriftstücke oder Informationen, die gemäß dem vorstehenden Absatz 2 als

vertrauliche Geschäftsinformationen eingereicht werden, vorbehaltlich einer anderslautenden

Entscheidung, die nach Anhörung von der Kommission oder ihrem Beauftragten nach dem US-

Gesetz zur Informationsfreiheit oder dem Verwaltungsrichter erlassen wird, im Sinne von

5 U.S.C. [US-Gesetzbuch] § 552(b)(4) und 18 U.S.C. [US-Gesetzbuch] § 1905 als solche

behandelt werden müssen. Werden diese Informationen in einen Schriftsatz aufgenommen oder

zur Aufnahme in das Beweisführungsprotokoll angeboten, müssen die in 19 C.F.R. [US-

Bundesgesetzessammlung] § 201.6 vorgesehenen Daten bereitgestellt werden, außer solange das

Verfahren vor dem Verwaltungsrichter anhängig ist. In dieser Zeit muss die Partei, die die

vertraulichen Geschäftsinformationen anbietet, auf Verlangen eine Erklärung bezüglich der

vorgetragenen Grundlage für ihre Vertraulichkeit abgeben.

9.    Solange die Bezeichnung als vertraulich nicht widerrufen wird oder von der

Kommission oder dem Verwaltungsrichter nicht entschieden wird, dass die als vertraulich

bezeichneten Informationen nicht mehr vertraulich sind, müssen die Kommission, der

Verwaltungsrichter und der Ermittler der Kommission alle notwendigen und angemessenen

Maßnahmen zur Wahrung der Vertraulichkeit und zur Wahrung der Rechte der

auskunftsgebenden Partei in Bezug auf alle vertraulichen Geschäftsinformationen treffen, die

von der auskunftsgebenden Partei gemäß dem vorstehenden Absatz 2 als solche bezeichnet

werden, wie unter anderem: (a) die auskunftsgebende Partei unverzüglich über Folgendes

benachrichtigen: (i) eine Anfrage oder einen Antrag von jeglicher Person nach dem wesentlichen

Teil der vertraulichen Geschäftsinformationen oder auf Auskunft über die vertraulichen

Geschäftsinformationen nach dem US-Gesetz über die Informationsfreiheit (5 U.S.C. [US-

Gesetzbuch] § 552), außer denjenigen, die gemäß dieser Verfügung zulässig sind, und (ii) einen

Vorschlag dahingehend, vertrauliche Geschäftsinformationen neu zu bezeichnen oder öffentlich

7

zu machen, und (b) der auskunftsgebenden Partei mindestens sieben Tage ab Erhalt der Anfrage oder des Antrags einzuräumen, damit sie sich an die Kommission, ihren Beauftragten nach dem US-Gesetz über die Informationsfreiheit oder den Verwaltungsrichter oder eine andere Stelle wenden kann, um die Vertraulichkeit und ihre Rechte an den vertraulichen Geschäftsinformationen zu wahren.

       10.     Ist eine von dieser Verfügung betroffene Partei, die als vertraulich bezeichnete und gemäß Absatz 2 eingereichte Geschäftsinformationen erhalten soll, während einer Ermittlung vor dem Verwaltungsrichter teilweise oder insgesamt mit der Bezeichnung nicht einverstanden, muss sie die auskunftsgebende Partei schriftlich benachrichtigen und sie werden sich daraufhin in Bezug auf den Status der betroffenen Informationen, die in Zusammenhang mit dieser Verfügung angeboten werden, beraten. Widerruft die auskunftsgebende Partei vor oder bei einer solchen Beratung die Bezeichnung der Informationen als Informationen, die unter diese Verfügung fallen, aber reicht die Informationen für die Zwecke der Ermittlung trotzdem ein, muss die auskunftsgebende Partei den Widerruf schriftlich erklären und ihn an alle Parteien und den Verwaltungsrichter zustellen. Können sich die empfangende und die auskunftsgebende Partei innerhalb von zehn Tagen ab dem Datum der Benachrichtigung über die Unstimmigkeit nicht auf den Status der betroffenen Informationen, die als vertrauliche Geschäftsinformationen eingereicht wurden, einigen, kann jede Partei, die von dieser Verfügung betroffen ist, die Frage der Bezeichnung des Status dem Verwaltungsrichter vorlegen, der darüber entscheiden wird. Der Verwaltungsrichter kann die Bezeichnung des vertraulichen Status von Informationen *sua sponte* [von sich aus] in Frage stellen und die Vertraulichkeitsbezeichnung nach Einräumung einer Gelegenheit zur Anhörung aufheben.

8

11.    Die Partei, die den Sachverständigen einsetzen möchte, muss der auskunftsgebenden Partei mindestens zehn Tage (oder innerhalb einer sonstigen von dem Verwaltungsrichter bestimmten Frist) vor der ersten Offenlegung von vertraulichen Informationen, die gemäß Absatz 2 eingereicht wurden, gegenüber einem vorgeschlagenen Sachverständigen den Namen des vorgeschlagenen Sachverständigen und seine Ausbildung und ausführliche Angaben zu seiner Berufserfahrung schriftlich bereitstellen. Widerspricht die auskunftsgebende Partei der Offenlegung der vertraulichen Geschäftsinformationen gegenüber dem vorgeschlagenen Sachverständigen unter Berufung darauf, dass dies dem Wortlaut oder Sinn dieser Verfügung widerspricht, oder aus sonstigen Gründen, muss sie die empfangende Partei vor der ersten Offenlegung schriftlich über ihren Widerspruch und die Gründe hierfür benachrichtigen. Wird die Streitigkeit innerhalb von zehn Tagen ab Erhalt der Mitteilung über die Widersprüche nicht informell beigelegt, muss die auskunftsgebende Partei jeden Widerspruch unverzüglich dem Verwaltungsrichter zur Entscheidung vorlegen, indem sie gemäß der Kommissionsvorschrift 210.34 eine Sicherungsverfügung beantragt. Wird die Ermittlung von der Kommission geführt, muss die Angelegenheit zur Beilegung der Kommission vorgelegt werden. Die Übergabe der vertraulichen Geschäftsinformationen an den vorgeschlagenen Sachverständigen wird ausgesetzt, bis die Entscheidung der Kommission oder des Verwaltungsrichters ergeht. Die Bedingungen dieses Absatzes gelten nicht für Sachverständige innerhalb der Kommission oder für Sachverständige von anderen Behörden, die von der Kommission konsultiert oder eingesetzt werden.

12.    Werden vertrauliche Geschäftsinformationen, die gemäß Absatz 2 eingereicht wurden, gegenüber einer Person auf andere Weise offengelegt, als dies in dieser Sicherungsverfügung vorgesehen ist, muss die für die Offenlegung verantwortliche Partei der

9

auskunftsgebenden Partei und dem Verwaltungsrichter unverzüglich alle relevanten Tatsachen betreffend die Offenlegung mitteilen und sich vorbehaltlich aller sonstigen Rechte und Abhilfen der auskunftsgebenden Partei bestmöglich bemühen, eine weitergehende Offenlegung durch sie oder durch die Person, die die Informationen erhalten hat, zu verhindern.

13.     Durch diese Verfügung wird das Recht einer Person, eine gerichtliche Überprüfung zu beantragen oder eine sonstige angemessene gerichtliche Maßnahme in Bezug auf eine Entscheidung der Kommission, ihres Beauftragten nach dem US-Gesetz über die Informationsfreiheit oder des Verwaltungsrichters betreffend die Frage des Status von vertraulichen Geschäftsinformationen zu verfolgen, keinesfalls beschränkt.

14.     Bis zum endgültigen Abschluss dieser Ermittlung muss jede Partei, die vertrauliche Geschäftsinformationen erhält, die unter diese Verfügung fallen, alle Artikel, die diese Informationen enthalten, die gemäß dem vorstehenden Absatz 2 eingereicht wurden, einschließlich aller möglicherweise angefertigten Kopien davon, zusammentragen und an die auskunftsgebende Partei zurückgeben. Hilfsweise können die Parteien, für die diese Verfügung gilt, mit der schriftlichen Zustimmung der auskunftsgebenden Partei alle Artikel, die vertrauliche Geschäftsinformationen enthalten, vernichten und der auskunftsgebenden Partei (oder ihrem Rechtsanwalt) bestätigen, dass die Vernichtung erfolgt ist. Dieser Absatz gilt nicht für die Kommission, einschließlich ihres Ermittlers, und den Verwaltungsrichter, die dieses Material gemäß den gesetzlichen Anforderungen und für sonstige Archivierungszwecke behalten. Sie können dieses Material (einschließlich elektronischer Medien, die die Informationen enthalten), das sich in ihrem Besitz befindet und als überschüssig angesehen wird, jedoch vernichten.

Ungeachtet des vorstehenden Absatzes können vertrauliche Geschäftsinformationen gemäß der Kommissionsvorschrift 210.5(c) an ein Bezirksgericht übermittelt werden.

15.    Werden vertrauliche Geschäftsinformationen, die gemäß dem vorstehenden Absatz 2 eingereicht werden, von einer Person eingereicht, die keine Partei dieser Ermittlung ist, gilt diese Partei als eine „auskunftsgebende Partei", wie dieser Begriff in Zusammenhang mit dieser Verfügung verwendet wird.

16.    Jede auskunftsgebende Partei, die keine Partei der Ermittlung ist, muss eine Abschrift dieser Verfügung von der Partei erhalten, die Auskunft von der auskunftsgebenden Partei verlangt.

17.    Der Sekretär muss eine Abschrift dieser Verfügung an alle Parteien zustellen.

**VERFÜGT.**

[Unterschrift]_____
Dee Lord
Verwaltungsrichter

11

Anhang A

GEHEIMHALTUNGSVEREINBARUNG FÜR

BERICHTERSTATTER/STENOGRAFEN/ÜBERSETZER

Ich, _____ , schwöre und erkläre, dass ich keine Informationen preisgeben werden,

die mir in einem vertraulichen Teil der Ermittlung oder Verhandlung in Sachen *Bestimmte Lithium-*

*Ion-Batteriezellen, Batteriemodule, Batteriesätze, Bestandteile davon und Produkte, die diese*

*enthalten*, Ermittlung Nr. 337-TA-1181, mitgeteilt werden, außer soweit dies gemäß der in dieser

Angelegenheit erlassenen Sicherungsverfügung zulässig ist. Ich werde diese Informationen weder

unmittelbar noch mittelbar für jeglichen Zweck verwenden, außer soweit dies unmittelbar mit meinen

offiziellen Pflichten in dieser Angelegenheit verbunden ist.

Des Weiteren werde ich weder durch eine unmittelbare Handlung noch durch ein Gespräch,

eine Empfehlung oder einen Vorschlag gegenüber einer Person die Art oder den Inhalt von

Informationen offenbaren, die mir während eines vertraulichen Teils der Ermittlung oder der

Verhandlung in dieser Angelegenheit mitgeteilt werden.

Ich erkläre auch, dass ich keine Stelle bei einem der Beteiligten in der erwähnten Ermittlung

oder eine offizielle Beziehung mit einem der Beteiligten in der erwähnten Ermittlung habe.

Mir ist bewusst, dass die unbefugte Verwendung oder Weitergabe von Informationen, wie

vorstehend erläutert, einen Verstoß gegen das US-Bundesstrafgesetzbuch darstellt und mit einer

Geldstrafe von bis zu 10.000 USD, einer Haftstrafe von bis zu zehn (10) Jahren oder beidem bestraft

wird.

Gezeichnet

Datum

Unternehmen oder Zugehörigkeit

**BESTIMMTE LITHIUM-ION-BATTERIEZELLEN, ATTERIEMODULE UND BATTERIESÄTZE, BESTANDTEILE DAVON UND PRODUKTE, DIE DIESE ENTHALTEN**

**Ermittlung Nr. 337-TA-1181**

## ÖFFENTLICHE ZUSTELLUNGSBESCHEINIGUNG

Ich, Lisa R. Barton, bescheinige hiermit, dass die angehängte **VERFÜGUNG** am 11.01.2019 folgenden Personen zugestellt wurde.

[Unterschrift]

Lisa R. Barton, Sekretärin
Kommission der Vereinigten Staaten
von Amerika für internationalen Handel
500 E Street, SW, Room 112
Washington, DC 20436, USA

**Für die Antragstellerinnen LG Chem, Ltd., LG Chem Michigan, Inc. und Toray Industries, Inc.:**

Michael J. McKeon

**FISH & RICHARDSON P.C.**
1000 Maine Ave, SW, Suite 1000

Washington, DC 20024, USA

☐ Durch persönliche Zustellung
☐ Als Eilbrief
☒ Als Sendung erster Klasse
☐ Sonstiges: _____

**Für die Antragsgegnerinnen SK Battery America, Inc. und SK Innovation Co., Ltd.:**

Blaney Harper

**JONES DAY**
51 Louisiana Ave., NW

Washington, DC 20001, USA

☐ Durch persönliche Zustellung
☐ Als Eilbrief
☒ Als Sendung erster Klasse
☐ Sonstiges:_____



TRANSPERFECT

I, Kathrin Coussons, declare as follows:

1.      I am over eighteen years of age and fully competent to make this affidavit. I have personal knowledge of the information contained in this affidavit, and it is true and accurate to the best of my knowledge.

2.      I am a translator fluent in the English and German languages. I provide this affidavit on behalf of TransPerfect.

3.      I reviewed the English original and German translation of Exhibit B - Attch B - Protective Order attached hereto. The German translation is a true and accurate translation of Exhibit B - Attch B - Protective Order.

I declare under penalty of perjury of the laws of the United States of America that the foregoing information is true and accurate to the best of my knowledge. I understand that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. § 1001) and may jeopardize the validity of the application or any patent issuing thereon.

Executed May 20, 2020, in Whitby, Ontario, Canada.

Signature of Kathrin Coussons

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS
1250 BROADWAY, 7TH FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |
WWW.TRANSPERFECT.COM OFFICES IN 90 CITIES WORLDWIDE